# CHARLESTON.

## COX, EXECUTOR v. WAYT et als.

Submitted September 8, 1884.—Decided November 28, 1885.

1. If a deed of trust, the execution of which has not been proved or acknowledged in the manner prescribed by law, be admitted to record by the clerk of the county court of the proper county, such deed is not "duly admitted to record." (p. 816.)

2. If such a deed so admitted to record, be copied by such clerk into the deed-book, it is not, by being so copied into such book, "duly admitted to record." (p. 816.)

3. Such deed so admitted to record and copied into the deed book, is void as to subsequent purchasers for valuable consideration without notice. (p. 818.)

4. Such deed so improperly admitted to record and copied into such deed book is not a recorded deed, and the same is not notice to subsequent purchasers. (p. 816.)

5. Where the execution of a deed or other writing is acknowledged by the grantor, or proved before the clerk of a county court, it is the duty of such clerk to certify such acknowledgement or proof upon the said deed, or in some writing thereto annexed, and when the same is admitted to record, to record the same with the deed in the same manner as acknowledgments before other officers are required to be recorded. (p. 815.)

6. "W." conveyed land to C. in trust to secure to "B." $4,600.00, which deed was never recorded; three years afterwards "W." conveyed the same land in trust to "P." to secure, first, to Susan E. a debt of $950.00 and second, to secure ratably to "G. E." and "F. M. W." and other creditors of "W." certain specified debts, which last deed was on the date thereof, duly recorded. Of the creditors of "W." whose debt, were secured by the deed to "P." "Susan E.," "G. E.," and "F. M. W." alone, had notice of the un-recorded deed to "C." The land having been sold in a suit between these trust-creditiors, and the proceeds of the sale proving insufficient to satisfy all of the trust debts; Held :

I. That the deed to "C." was void, as to all the creditors secured in the deed to "P." except "Susan E.," "G. E," and "F. M. W." who had notice thereof.

II. That all the creditors of "W." whose debts were secured in the deed to "P." except "Susan E.," "G. E." and "F. M. W.," were subsequent purchasers for valuable consideration without notice, and that they were entitled to have their debts paid in full, before "B." was entitled to receive any part of the proceeds of such sale.

III. That "Susan E." was entitled to charge the land with the amount of her debt, subject only to so much of the $4,600.00 as remained unpaid at the time of the sale.

IV. That until "Susan E." "G. E." and "F. M. W." shall be fully paid the amounts of their several debts, "B" is only entitled out of such proceeds to receive so much of the unpaid balance of the debt of $4,600.00 as may remain after deducting therefrom, the several amounts due to the creditors secured in the deed to "P." who had no notice of the un-recorded deed to "C."

V. That when "B." shall have received that amount out of the proceeds, the residue thereof must be applied, *First*, to pay to "Susan E." the full amount of her debt; *secondly*, to pay ratably to "G. E. and "F. M. W.," the full amount of their

several debts, and the residue, if any, upon the trust debt of "B." of $4,600.00.

7. If a lien-creditor, standing in the position of a subsequent purchaser for valuable consideration without notice, transfers his debt to an assignee, who had notice of a prior un-recorded deed such assignee will hold such debt from such un-recorded deed in the same manner, as his assignor was entitled to hold the same. (p. 820.)

Woods, Judge, furnishes the following statement of the case :

James Wayt by deed dated the 2d day of August, 1875, conveyed to John Cox a tract of 175 acres of land in Ohio county, in this State, to secure to Jane Brown and Ann Brown the sum of $4,600.00 payable on the 1st day of August, 1878, with interest payable annually. This deed, on the 7th day of August, 1875, was delivered to and recorded by the clerk of the county court of said county, but the execution thereof, was never acknowledged or proved in any of the modes prescribed by law, nor was it contended that it had in fact been so acknowledged or proved. On the 26th day of May 1879 said James Wayt by deed of that date conveyed the same land to Daniel Peck in trust to secure, first, $950.00 with interest to Susan Edgington; and second, to secure ratably, to George Edgington and Francis M. Wayt, and the other creditors therein named the amounts therein alleged to be due to them respectively. This deed on the day of its date was duly acknowledged and recorded in the clerk's office of the county court of said county. Before the last mentioned deed of trust was executed, said Susan Edgington, George Edgington and Francis M. Wayt, had actual knowledge of the existence of the deed of trust executed to Cox, trustee, to secure the debt of $4,600.00 to Jane and Ann Brown, but none of the other creditors of Wayt secured in the deed to Peck, had knowledge of the deed to Cox. Ann Brown having died, Cox became the executor of her will, and James Wayt afterwards on the 17th day of November, 1879, confessed in the clerk's office of the said county court, a judgment, in favor of Cox executor of Jane Brown, and of Ann Brown, for the sum of $5,508.50 with interest from that date, being the amount then due on

102

the trust debt of $4,600.00, and $4.60 costs, of which, an abstract was on the same day recorded on the judgment-lien docket of said county.   Other creditors of James Wayt subsequently recovered judgment against him.   Jane Brown also died and Cox became the executor of her will, who soon thereafter in his character of executor of Ann Brown, and of Jane Brown filed his bill in the circuit court of Ohio county, against James Wayt, Susan Edgington, George Edgington, Francis M. Wayt, Daniel Peck and the other creditors mentioned in the deed of trust executed to him on May 26, 1879, and against all other judgment-creditors of James Wayt, to enforce the lien of the judgment recorded by him and Jane Brown, against said 175 acres of land ; and also the lien created by his deed of trust dated the 2nd of August, 1875, claiming, that the same was a prior lien, as against all the creditors secured by the deed of trust to Peck, and especially as against Susan Edgington, Geo. Edgington and F. M. Wayt who he alleged had actual notice of his trust deed before and at the time of the execution of the deed of trust to Peck ; and also, that his deed of trust, although the execution thereof had neither been acknowledged or proved in any of the modes prescribed by law, having been in fact recorded in the proper county by the proper officer, was constructive notice to all subsequent creditors of James Wayt of its existence and prayed that the lien of his deed of trust might be given precedence over all the creditors mentioned in Peck's deed of trust, or if not over all, at least over Susan and George Edgington and F. M. Wayt, and that the lien created by the judgment of $5,508.50 may be enforced, and for general relief.   All of the defendants mentioned in Peck's deed of trust answered the bill and set up their respective debts, and all of them except F. M. Wayt, George Edgington and James H. Wayt denied that at the time of the execution of the deed to Peck, they had knowledge of the deed to Cox.   On the 23d day of December, 1882, the cause was heard upon the bill, exhibits, the answers of the defendants, general replications thereto, and the court entered a decree referring the cause to a commissioner for the following purposes :

"First. To take and state the account between the plaintiff and the said James Wayt of all liens.

" Second. To report which of the alleged creditors mentioned in the said deed of trust made by the said James Wayt to the said Daniel Peck, dated May 26, 1879, had (personal) knowledge of, and are bound by, the said deed of trust, made by the said James Wayt to the said J. H. Cox, dated the August 2, 1875.

" Third. To find and report what may be due from the said James Wayt to all his other *lien*-creditors, the said Cox mentioned in this suit, and the priority, if any, over the other *lien*-creditors.

" Fourth. Any other pertinent matter required of him by any of the parties."

The report of the commissioner showed the several lien-debts due from the James Wayt to the plaintiff and defendants respectively fixed their several priorities as follows : first, all the debts secured by the deed of trust to Peck except the debt due to Susan Edgington of $950.00 with interest on $450.00 from the 1st day of November, 1877, and interest $500.00 from the 1st day of November, 1878 ; and the debt to George Edgington of $100.00 with interest from November 12, 1877, and the debt to Francis M. Wayt of $500.00 with interest from the 14th day of May, 1879 until paid, were liens of equal dignity created by the deed of trust to Daniel Peck. Second, two judgments, one in favor of John L. Terrell, administrator of Samuel McClure for $56.50 with interest from the 17th of June, 1877 and $16.95 costs, and one in favor of I. H. Vanmeter for $289.99 with interest from the 18th of June, 1879, and $12.25 costs, being of equal dignity they constitute the next lien on said land.

Third.—The judgment of the plaintiff for $5,508.50 with interest and costs, constitutes the next lien thereon, as of the date of November 17, 1879, and

Fourth.—The judgment of Robert B. Wayt for $2,889.52 with interest from November 24, 1879 and fifty-eight cents costs, constitutes the last lien thereon.

The commissioner further reported that Susan Edgington, George Edgington and Frances M. Wayt, had personal knowledge of, and were bound by the deed of trust made by James Wayt to said Cox trustee and that the last named deed of trust takes precedence over the

created by the deed of trust to Peck in favor of Susan and George Edgington and Francis M. Wayt, for the amount of their several debts. Various exceptions to the commissioners report were filed by the plaintiff and the creditors, mentioned in the deed to Peck. The cause was again heard on June 2, 1883, when the court overruled the exceptions, confirmed the commissioners report, and declared the liens upon the land, for the same amounts and in the same order of priority, as reported by the commissioner, and declared that "as to Susan Edgington's lien she should not be postponed to a greater amount than $4,600.00 with interest from August 3, 1876, until paid, so that after that amount shall have been paid on the liens, she shall take her place of first lienor; and that as to the liens of George Edgington and Francis M. Wayt, they shall not be postponed to a greater amount than $4,600.00, with interest from August 2, 1876, and $950.00 and interest on $450.00 parcel thereof of from November 1, 1877, and on $500.00, residue thereof from November 1, 1878, so that after the aggregate of these amounts shall have been paid on the liens, they shall then take their proper places as second lienors;" and then decreed the land to be sold by commissioners appointed for the purpose, to satisfy these liens unless otherwise paid within thirty days thereafter. On November 24, 1883, the land was sold for $8,750.00, and a report thereof returned, and on December 10, 1883, the court entered a decree confirming the sale, providing for the collection of the purchase-money, the payment of the costs of suit and expenses of sale, and directing said commissioners out of the residue of the proceeds of sale:

Fourthly.—To pay ratably to each of the creditors mentioned in deed of trust to Peck, excepting only Susan Edgington, George Edgington and Francis M. Wayt, the several amounts ascertained to be due to them respectively, by the decree of June 2, 1883.

Fifth.—After making the aforesaid payments, to pay ratably the two small judgments recovered by John L. Terrill, administrator of McClure, and by said Vanmeter respectively.

Sixth.—After making said payments, they shall pay to the

plaintiff Cox, executor, as aforesaid such an amount as when added to the aggregate of the payments hereinbefore directed, fourthly and fifthly to be made, to-wit: the payments to Whitham, Perrine, Schambra & Sons, Rogers, James H. Wayt and Vanmeter, as will equal the sum of $4,600.00 with interest thereon from August 2, 1876, until such payments shall be made; and such payments when made shall be a credit to that extent on the lien ascertained in the plaintiff's favor by the decree entered herein on June 2, 1883.

Seventh.—After making the foregoing payments they shall pay to Susan Edington $950.00 as hereinbefore stated.

Eighth.—After making all the foregoing payments they shall pay ratably to Francis M. Wayt $500.00, and to George Edgington $100.00, with interest on each of said sums as before stated.

Ninth.—After making the foregoing payments they shall pay to the plaintiff Cox, executor, &c., the sum of $5,513.10 with interest on $5,508.50 from November 17, 1876, until paid, less the amount which shall have been paid thereon, as hereinbefore sixthly provided.

Tenth.—After making all the foregoing payments they shall pay to Robert B. Wayt $2,890.37 with interest on $2,889.52 from November 24, 1879, until paid.

On September 7, 1883, the plaintiff having obtained leave to do so filed his bill of review asking that the decree entered herein on June 2, 1883, might in certain particulars be reformed. The defendants demurred to the bill of review, and the court sustained the demurrer and dismissed the bill with costs.

From the said decrees of June 2, 1883, and of December 10, 1883, the plaintiffs obtained an appeal.

*R. White* for appellant.

*Daniel Peck* and *J. F. Jones* for appellee.

Woods, Judge :

Six errors in these proceedings have been assigned by the appellant. The first and second raise the question, whether the plaintiff's deed of trust dated August 2, 1875, was to be held as a recorded deed; the third and fourth, w h e t r  the

defendant James H. Wayt as the assignee of certain debts secured by the deed to Peck, trustee, was entitled as to these debts, to preference over the debt of $4,600.00, secured by the deed of trust to Cox; the fifth, whether the court erred in sustaining the demurrer to the bill of review; and the sixth, whether the court erred to the prejudice of the appellant, in the distribution of the proceeds of the sale of the 175 acres of land mentioned in the deeds of trust. It is contended by the appellants' counsel that although the deed of trust executed by James Wayt to Cox, trustee, does not appear by any endorsement made thereon, or attached thereto, or recorded therewith, to have been acknowledged before the clerk of the county court of Ohio county, or before any other person authorized to take the acknowledgment thereof, or that the execution thereof had been proved before the said clerk, yet the fact that the same was admitted to record by him, and was copied into the deed-book, where deeds may properly be recorded, it must be presumed that it was in fact acknowledged, or the execution thereof proved in the manner prescribed by law; and that the deed of Cox, so admitted to record must be held as a recorded deed.

The appellant's counsel has furnished an ingenious argument in support of this novel proposition, drawn principally from a critical examination of the phraseology of ch. 73 of the Code, as amended by ch. 67 of the Acts of 1875. The second section thereof authorizes the clerk of the county court of any county wherein any deed, &c., is to be, or may be recorded, to admit the same to record in his office, as to any person whose name is signed thereto when it shall have been acknowledged by him, or proved by two witnesses as to him, before such clerk of the county court.

By the third, fourth and fifth sections of the Code so amended such deed may also be admitted to record upon a certificate of such acknowledgment before a justice, notary public, &c., written on or annexed to the same, and the deed of a married woman, upon the certificate of her privy examination and acknowledgment, or annexed to such deed, and the counsel concludes, that because the second section authorizes the clerk to take the acknowledgment of deeds, or to receive proof of the execution thereof, does not in terms

require him to make out a certificate of acknowledgment or proof before him, and endorse the same on, or annex it to the deed or other writing; that no such thing is necessary to be done by him. In other words, that while he is only authorized to admit the deed to record after it has been certified on the deed, by some one authorized to do so, that the deed has been acknowledged, or when the same is so acknowledged, or the execution thereof proved before him, by two witnesses, yet he is at perfect liberty to disregard this requirement of law, and admit to record any deed or other writing produced to him, without acknowledgment or proof; and then point to his unlawful act, as conclusive evidence that the law has been complied with. Such a construction would operate as a complete abrogation of this requirement of the statute.

While these provisions of the statute have substantially been in force in Virginia for more than a hundred years, the counsel has not been able to present a single case wherein his views have been sustained, or where such a construction has ever been contended for.

"The exercise of the probate jurisdiction in regard to deeds consists of two parts, one of which is the taking officially the proof or acknowledgment of the instrument; and the other is its recordation, or what is the same thing in effect, the receiving it officially for that purpose, and the two together when duly performed by the proper authorities constitutes a complete act of registration." *Carper* v. *McDowell*, 5 Grat. 233. These two parts, constituting the complete act of registration must both be performed, and the accidental fact that they may some times be performed by the same officer, will not authorize him to dispense with the performance of the first, and substitute the last, as conclusive evidence, that the writing has been acknowledged, or the execution thereof proved before him. If the construction contended for be sound, then every deed, however defective or imperfect the certificate of acknowledgment may be, whether the party making such certificate had authority to make it or not, would, as soon as admitted to record, of necessity become a recorded writing, for *non constat*, but that when the same was delivered to the clerk, it was acknowledged or proved before him.

The registration of a deed is a matter of record, and this record is composed of the instrument itself, with the endorsements showing its proof or acknowledgment, and its admission to record; all of which are copied into the deed-book, and a transcript therefrom, or from the originals, is, as well as the originals, evidence for and against all persons. 5 Grat. *supra;* Code, ch. 130, sec. 5. Sec. 6 of ch. 73 of the Code, as amended by ch. 67 of Acts 1875, declares that "every writing so admitted to record shall, with all certificates of privy examination or acknowledgment, and all plats, schedules and other papers thereto annexed or endorsed thereon be recorded by or under the direction of the clerk of the county court in a well bound book, to be carefully preserved." As a deed when properly admitted to record, becomes in itself a record, which is evidence against any person of the due execution thereof, and stands as notice to all persons of the contents thereof, it follows, that if in this case, as in all others, it appears on the face thereof, that the court or officer making the same, had no jurisdiction over the subject or authority to make the same, it can as a record, have no force or effect whatever. *Maxwell* v. *Light,* 1 Call. 117; *Taverner* v. *Barrett,* 21 W. Va. 656. Therefore, the deed of trust to Cox, dated August 2, 1875, admitted to record by the clerk of the county court of Ohio county, without any certificate of its acknowledgment or proof endorsed thereon, or annexed thereto, was improperly admitted to record, not having been acknowledged or proved, and recorded in the manner prescribed by law, and must be considered as an unrecorded deed.

By sec. 5, of ch. 74 of the Code it is declared that every * * * * * . * deed of trust or mortgage conveying real estate or goods and chattels shall be void as to creditors, and purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record in the county wherein the property embraced in such * * * * * * * deed may be. The deed to Cox, not having been duly recorded, is therefore void as to subsequent purchasers without notice, of the 175 acres of land thereby conveyed to him in trust to secure the said debt of $4,600.00; but the same is nevertheless valid and binding as between

the grantor, and trustee and beneficiaries therein, and a against subsequent purchasers of the same land with notice of said trust-deed. It is well settled that a creditor obtaining a mortgage or deed of trust upon the property of his debtor, must claim the same as a purchaser, and can not claim it in the double character of creditor and purchaser. 2 Leigh 84. In asserting this principle Judge Lomax says : In regard to purchasers it would seem reasonable also, that purchasers, within the act relating to registration of conveyances, should be understood to mean the same description, as purchasers within the act relating to fraudulent conveyances. And as under the latter, creditors acquiring in any way, a lien upon their debtor's property by contract with him, are regarded as purchasers, they would be, in like manner regarded under the former. 2 Lomax Dig. 489 ; *Tate* v. *Liggatt, &c.*, 2 Leigh 104 ; *Evans* v. *Greenhow*, 18 Gratt. 153 ; *Bird* v. *Wilkinson*, 4 Leigh 266 ; *Beck's administrator* v. *De Baptiste, Id.* 349 ; *Price* v. *McClannahan*, 2 Gratt. 309.

If such subsequent purchaser at the time he obtained his conveyance or deed of trust, had notice of the existence of the prior unrecorded deed he will be bound by such unrecorded deed in the same manner and to the same extent as if the same had been duly recorded. If a deed has been duly recorded in the proper county it is notice, to all subsequent purchasers of the property thereby conveyed.

Applying these rules of law to the facts in the case under consideration it becomes easy of solution.

The plaintiff Cox having failed to record his deed of trust, the same is void as to the trustee Peck and all the creditors secured thereby excepting Susan Edgington, George Edgington and Francis M. Wayt, who at the time it was executed, had notice of the prior unrecorded deed of Cox and they are therefore bound thereby, to the extent of his trust debt of $4,600.00. with interest thereon from August 2, 1875, still remains unpaid, but not to any greater extent. As by the terms of the deed of trust to Peck, Susan Edgington was to be first paid in full, and then all the other creditors of James Wayt mentioned therein including George Edgington and F. M. Wayt, were to be paid ratably. All of these excepting only Susan Edgington, George Edgington and Francis M.

Wayt, having obtained said deed of trust to Peck, without notice of the unrecorded deed of trust to Cox, they stand in the postition of subsequent purchasers for a valuable consideration without notice, and they are entitled to have there debts satisfied out of the trust subject, before any part thereof is applied to the satisfaction of the plaintiff's trust-debt of $4,600.00. But Susan Edgington being first in order of priority in Peck's deed of trust, she in legal effect, took the same subject to the amount due upon the said debt of $4,600.00 and therefore the payment of her trust-debt of $950.00, must be postponed, until there is realized from the trust subject, so much of said debt of $4,600.00 as may remain unpaid, and when that has been done, she is entitled to resume her position as first lienor in Peck's deed of trust and to be paid in full before any other portion of the proceeds of the trust subject can be applied in discharge of the plaintiff's debt; and the same is true of the defendants, George Edgington and F. M. Wayt, except that before they can resume their places as second lienors on Peck's deed there must be realized from the trust subject the further sum of $950.00 with its interest due to Susan Edgington. But as we have already shown, the other creditors secured in Peck's deed of trust, are as against the creditors secured by the deed of trust to Cox, to be paid in full, before the latter are entitled to receive anything, and as Susan Edgington cannot be postponed to any greater amount than what may remain unpaid upon said debt of $4,600.00, it necessarily follows that the several creditors secured in Peck's deed of trust, other than Susan and George Edgington and F. M. Wayt, are entitled to receive satisfaction out of the $4,600.00 and its interest, and that only the residue thereof can be applied as a credit upon the plaintiff's judgment. The proceeds of the trust-subject must then be applied to the satisfaction of $950.00 due to Susan Edgington, and then ratably to the satisfaction of the debts of George Edgington and F. M. Wayt respectively. After these payments are made the amounts due to McClure's administrator and to Vanmeter upon their judgments should be paid ratably, and the residue of such proceeds should be applied, first, to discharge any balance remaining unpaid upon the plaintiff's judgment, and

secondly, upon the judgment of Robert B. Wayt. The circuit court having by its decrees of June 2, 1883, and of December 10, 1883, ascertained the several liens on said land and fixed their priorities, and directed distribution of the proceeds of the sale thereof in accordance with the views herein expressed, we are of opinion that there is no error in said decrees for the causes assigned by the appellant. But inasmuch as the report of the commissioner ascertained and reported as due to the defendant James H. Wayt, a debt of $79.57, with interest from August 5, 1879, which was one of the debts secured by the deed of trust to Peck, and the plaintiff excepted to said report for that cause, and the court by its decree of June 2, 1883, overruled said exception, and declared the same a lien on said land, having priority over that of the plaintiff and decreed the same to be paid to him, and in its decree of December 10, omitted the same in the distribution of the proceeds of the sale of said land, we are of opinion that said last decree ought to be, and the same is now so amended that the said special commissioners shall, in making the distribution of said proceeds include said claim of $79.67 in the class therein fourthly to be paid, and shall pay to James H. Wayt the sum of $79.67 with interest thereon from August 5, 1879, until paid, and the same shall be held to be included among the payments by said decree directed fourthly to be made, before any part of such proceeds shall be paid to the plaintiff; and because the debt of $257.30 therein decreed to be paid to John Gardner, is also included in said class " fourthly " to be paid, and his name is omitted in the designation of the persons included in said class " fourthly " to be paid, when it is apparent from the context, that it was intended to be, and ought to have been inserted therein. And, that all uncertainty in this respect may be avoided, the said decree is further amended by inserting in the sixth paragraph thereof after the name of " Vanmeter," the name of John Gardner.

The third error assigned by the appellant was in over-ruling his exceptions to the report of the commissioner. They were based upon two grounds : First, that certain specified debts, all of which were included in Peck's deed of trust, had been improperly allowed priority over the

plaintiff's trust debt; and second, that all of these debts, save one, were improperly reported in favor of the defendant James H. Wayt, as the assignee of such creditors, as he and they, at the time of the execution of the deed to Peck, had notice of the plaintiff's unrecorded trust-deed. What we have already said in regard to the priorities of these two deeds of trust has effectually disposed of appellant's first ground of exception. The second is simply a question of fact. On this the commissioner has already passed, and found the facts against the pretensions of the appellant, and his finding has been approved by the court, and unless it clearly appears from the evidence returned with, and made part of the report, that the finding of the commissioner is unsupported by the evidence, the Appellate Court will affirm the action of the circuit court in over-ruling exceptions thereto for that cause. But in this case the evidence on which the commissioner acted is returned with and made part of his report, whereby it appears that while James H. Wayt, at the time of the execution of the deed to Peck, had notice of the unrecorded deed of the plaintiff, he did not own any of said debts, and that said several creditors to whom they then belonged had no notice of said unrecorded deed, and that they severally transferred their said demands, secured by said deed of trust to Peck to said James H. Wayt for a valuable consideration, and we are of opinion that he was entitled to the security afforded by said deed of trust to the same extent as his assignors held the same, and therefore the circuit court did not err in over-ruling the plaintiff's said bill of exceptions.

The decree of the circuit court of Ohio county rendered on the 2nd day of June, 1883, as well as its decree rendered on the 10th day of December, 1883, as herein amended, must be affirmed with $30.00 damages and costs to the appellees, against the appellant as executor of Jane Brown, and as executor of Ann Brown, deceased, to be paid out of the assets of his said testatrices in his hands to be administered.

AFFIRMED.