# CHARLESTON.

## Abney *et al. v* Ohio Lumber & Mining Co.

Submitted June 18, 1898—Decided December 3, 1898.

1. Process—*Issuance of Process.*

   Process to commence a suit or action is issued by the clerk on the order of the plaintiff or his attorney or agent, and not by order of the court. (p. 453).

2. Attachments—*Clerk's Office—Process.*

   Whether the court is in session or vacation, the clerk's office is open for the purpose of commencing suits or actions by issuing process therefor, including also process of attachment under chapter 106 of the Code. (p. 453).

3. Corporations—*Deed—Acknowledgment—Recordation.*

   A certificate of acknowledgment of a deed conveying real estate by a corporation, which fails to show that the officer or agent executing it was sworn, and deposed to the facts contained in the certificate, as required by section 5, chapter 73, Code, is fatally defective, and does not entitle such deed to be recorded (p. 452).

4. Unrecorded Deed—*Vendor and Vendee—Creditors—Notice.*

   An unrecorded deed is void as to creditors, whether they have notice or not, but it will be good against purchasers with notice, or who have not purchased for valuable consideration. (p. 452).

Error to Circuit Court, Wayne County.

Action by Abney, Barnes & Co. against the Ohio Lumber & Mining Company. Attachment awarded, and W. H. Millinger and William Nold, assignees of defendant, filed claim. Findings for the claimant, and from an order refusing to set same aside plaintiffs bring error.

*Reversed.*

PAYNE & PAYNE, for plaintiffs in error.

HARVEY, WYATT & HUTCHINSON and CAMPBELL, HOLT & CAMPBELL, for defendant in error.

McWHORTER, JUDGE:

The Ohio Lumber & Mining Company, a foreign and insolvent corporation, on the 23d of January, 1897, executed and delivered to W. H. Millinger and William Nold, assignees, a deed of assignment of all its real estate and personal property, for the benefit of all its creditors, to be paid *pro rata*, with the following certificate of acknowledgment: "The State of Ohio, Columbiana County—ss.: I, James W. Clark, a notary public in and for said county and state, do hereby certify that S. J. Rohrbaugh, president of the Ohio Lumber and Mining Company, and J. L. Yoder, secretary of said company, whose names, respectively, are signed to to the foregoing instrument, bearing date on the 23d day of January, 1897, have this day acknowledged before me in my said county the signing and execution of said instrument, for themselves, respectively, and for and on behalf of said the Ohio Lumber and Mining Company, and acknowledged that they affixed the corporate seal of said company to said instrument by direction of a resolution of the directors of said company, and have acknowledged that the same in all respects is their free act and deed, as such officers respectively, and the full act and deed of said corporation for the purposes and uses herein set forth. I further certify that S. J. Rohrbaugh and J. L. Yoder are known to me to be the individuals and officers described in and who executed said instrument. I further certify that William H. Millinger and William Nold, whose names are signed to the foregoing instrument, have this day acknowledged the same before me in my said county. Witness my hand and official seal, this 23d day of January, A. D. 1897. James W. Clark, Notary Public. [Notarial Seal. J. W. Clark, Columbiana County, Ohio.]"

On the 25th day of the same month the said assignment, with the certificate of acknowledgment indorsed thereon, was admitted to record in the clerk's office of the county court of Wayne County. Two days after, on the 27th day

of said January, Abney, Barnes & Co., creditors of said company, instituted their action of *assumpsit* in the circuit court of Wayne County, suing out their writ from the clerk's office of said court returnable at the February rules, 1897, and on the same day filed an affidavit claiming the right to recover nine hundred and thirty-nine dollars and seventy-one cents, and gave bond for attachment, upon which the clerk of said court issued an order of attachment against the estate of said corporation, which was duly levied on both the personal effects and real estate of defendant, the levy on the personal property being made on the 27th of January, and on the real estate on the 29th of January, 1897. On the 2d day of February, 1897, the said deed of assignment was reacknowledged, and on the 4th of February was again recorded, together with the new certificate of acknowledgment. The assignees, W. H. Millinger and William Nold, appeared in court on the 2d day of February, 1897, and tendered their petition in the said action of *assumpsit*, setting up their claim to the property of the defendant corporation by virtue of said deed of assignment, and praying that the claim to the property and its possession be adjudicated and determined according to the statute in such case made and provided, and that said order of attachment be quashed and abated, and that said levy be released, and for general relief; to the filing of which petition plaintiffs objected, and by consent the matters arising on said objection were passed to a future day of the term, and on the 10th day of February the court overruled the objection, and filed the petition, and the parties agreed as to the facts and submitted the matters of law and fact to the court in lieu of a jury. On consideration the court held that the deed of assignment was a valid deed, and that the same was duly and properly recorded on the 25th of January, and that the claim of said assignees to the property attached was paramount and superior to the said attachment, and ordered that the levy of said attachment on all of said property, except the money, if any, in the Huntington National Bank, be released and discharged, and that the officer levying the same deliver all of said property to the said assignees, and rendered judgment for petitioner's costs; to which ruling

of the court in directing the release of the real estate lev-
ied on by plaintiffs, and in holding that said deed of as-
signment was duly recorded on the 25th of January, 1897,
and that the title of said assignees to said real estate was
paramount to the lien of plaintiffs' attachment, plaintiffs
objected and excepted and on motion of plaintiffs the op-
eration of so much of the order and judgment as affected
the real estate was suspended for sixty days to give plain-
tiffs time to obtain a writ of error, and the plaintiffs
moved the court to set aside its finding and judgment, and
grant them a new trial, of which the court took time until
the next term to consider. At the June term, 1897, of said
court, the order of publication awarded having been duly
published and posted, judgment was rendered for plain-
tiffs in the action of *assumpsit*, by the court in lieu of a
jury for nine hundred and thirty-nine dollars and seventy-
one cents, but the court declined to order a sale of the
property attached, and reserved all matters pertaining to
a sale for further consideration and action. And on the
4th day of December, 1897, the court, having maturely
considered the motion of plaintiffs to set aside the finding
and judgment rendered upon the petition of the assignees
holding that said petitioners were entitled to the posses-
sion of the property levied upon by the order of attach-
ment, and grant them a new trial, overruled said motion,
and refused to set aside the judgment and grant a new
trial, to which rulings plaintiffs excepted. Plaintiffs ob-
tained a writ of error and supersedeas.

It is insisted by appellants that under section 5, chapter
74, Code, the deed of assignment was void as to their cred-
itors by reason of the fact that the certificate of acknowl-
edgment to said deed was so defective under the statute
providing for acknowledgments of deeds and other writ-
ings by corporations that it could not be admitted to rec-
ord, and, if not properly recorded, under said section 5,
chapter 74, it remained void as to creditors and subse-
quent purchasers for valuable consideration without no-
tice, notwithstandtng it was written in the record book in
the clerk's office. Sections 2, 3, chapter 73, Code, pro-
vide what instruments of writing shall be recorded, and
what is necessary to appear on such writing, or how it

shall be proved to entitle it to recordation; and, if it is wanting in certificate of proper acknowledgment of proof required by the statute, it is not recordable. Section 5, chapter 73, prescribes what shall be evidence of proper acknowledgment of a corporation to entitle the writing acknowledged to be recorded. The officer or agent of the corporation must be first sworn or affirmed by the magistrate taking the acknowledgment, and he must depose and say (1) that he is such officer or agent of the corporation described in the writing bearing date on the————day of————,18—; (2) that he is authorized by said corporation to execute and acknowledge deeds and other writings of said corporation; (3) that the seal affixed to said writing is the corporate seal of said corporation; and (4) that said writing was signed and sealed by him in behalf of said corporation, by its authority duly given. And after this deposition is given the officer or agent acknowledges the said writing to be the act and deed of said corporation, all of which must appear in the certificate of the certifying officer. And this is required by the statute to appear before the paper can be legally admitted to record. It will be seen from the certificate that the officers who executed the deed were not sworn or affirmed, but simply appeared before the notary public, and acknowledged, as set forth in the certificate. The form of acknowledgment on behalf of a corporation is a recent enactment (Acts 1891, p. 38, s. 5), prior to which there was no particular form prescribed, but, if the corporate seal was affixed, and the signature of the proper officer was proved, the courts would presume that the officer did not exceed his authority, and the seal itself was *prima facie* evidence that it was affixed by proper authority, and the contrary must be shown by the objecting party. *Lamb* v. *Cecil*, 25 W. Va., 288. The legislature enacting the statute requiring this most solemn form of acknowledgment evidently appreciated the importance of it, and intended it as a safeguard to the vast inerests committed to the care of the officers of the corporations, and to prevent them from abusing their powers. But it is contended by appellees that "the taking and certifying the acknowledgment of a deed is in the nature of a judicial act, whether done by a court, justice, or a notary,"

and "that such certificate of acknowledgment is conclusive of every fact appearing on the face of the certificate," and cite many authorities to sustain their position, which is, I think, a correct one. This being true, does it cure the defect alleged in the certificate in this case?

The facts shown in the certificate are, that the notary who took the acknowledgment was duly authorized thereto, that S. J. Rohrbaugh, president of the Ohio Lumber & Mining Company, and J. L. Yoder, secretary of said company, whose names were respectively signed to the deed, acknowledged on the day mentioned, before the notary, in his county, the signing and execution of said instrument for themselves, respectively, and for and on behalf of said company, and they also acknowledged that they affixed the corporate seal of said company to said deed by direction or resolution of the directors of said company, and that in all respects the same was their free act and deed as such officers, respectively, and the full act and deed of said corporation for the purposes and uses therein set forth; and the notary further certifies that S. J. Rohrbaugh and J. L. Yoder were known to him to be the individuals and officers described in and who executed said instument, which last fact appellees insist makes the certificate sufficient to entitle the deed to recordation. The facts as set out and acknowledged by the persons who executed the deed were substantially as required by said section 5, chapter 73, Code, but it fails to show that the acknowledging parties were by the notary duly sworn, and deposed to the truth of the facts acknowledged by them; and the only fact stated, to the truth of which the notary certifies, except merely the fact of acknowledgment, is that the said parties were known to him to be the individuals and officers described in and who executed said instrument. The most important fact under the statute, viz. the fact that the parties were sworn, and deposed to the truth of the fact acknowledged, fails to appear in the certificate. "To render the acknowledgment effectual, it must affirmatively appear from the certificate that the requirements of the statute have been substantially observed." 1 Devl. Deeds, § 508, and cases cited. "Acknowledgment is a prerequisite for registration in a majority of the states, and a nec-

essary incident to every conveyance designed to furnish constructive notice under the recording acts; and when, by reason of defects or omissions, the statutory requirements are not substantially complied with and the instrument is not legally recordable, and, although actually transcribed, the record thereof will not afford constructive notice." 1 Warv. Vend. 519. "To entitle a deed to registration, it must be executed according to the statute requisites by which the registry of deeds is established." *Isham* v. *Iron Co.*, 19 Vt., 230. The question is not, as seems to be claimed by appellees, whether the deed is good and sufficient, as between the corporation and the assignees or trustees, to convey the property described in the deed, but is the acknowledgment sufficient to entitle it to recordation? In *Cox* v. *Wayt*, 26 W. Va., 807 (Syl. points 1, 2), it is held: "If a deed of trust, the execution of which has not been proved or acknowledged in the manner prescribed by law, be admitted to record by the clerk of the county court of the proper county, such deed is not 'duly admitted to record.'" (2) "If such a deed so admitted to record be copied by such clerk into the deed book, it is not, by being so copied into such book, 'duly admitted to record.'" The acknowledgment is clearly fatally defective, as shown by the certificate, and it was not properly recorded. It is stated in the agreed facts that a member of the plaintiffs' firm and their attorney read the deed as spread upon the record before suing out their process and attachment. Section 5, chapter 75, Code, provides that a "deed of trust or mortgage conveying real estate or goods and chattels shall be void as to creditors and subsequent purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record in the county wherein the property embraced in such contract or deed may be." In *Guerrant* v. *Anderson*, 4 Rand. (Va.) 208 (Syl. point 2), it is held that "an unrecorded deed is void as to creditors, whether they have notice or not; but it will be good against purchasers with notice or who have not purchased for valuable consideration;" and (point 3): "A purchaser under a sale on behalf of a creditor holds the right and occupies the place of the creditor, and therefore he will not be affected by

notice of an unrecorded deed." Appellees contend that the motion to quash the attachment should have been sustained, because there was no suit legally pending; that the writ was void, and a nullity, for the reason that the court whose clerk issued it was in session at the time, and no permission asked of, or leave granted by, the court to bring the suit; that the supposed writ was made returnable to February rules to be held in the clerk's office of said court the following Monday, when it was known the court would be, and in fact was, in session, as shown by the record. Section 5, chapter 124, Code, provides that "the process to commence the suit shall be a writ commanding the officer to whom it is directed to summon the defendant to answer the bill or action. It shall be issued on the order of the plaintiff or his attorney or agent, and shall not, after it is issued, be altered, nor any blank therein filled up, except by the clerk." This is the only provision in the statute for process of the court to commence a suit or action, and it is always issued by the clerk, and issued on the order of the plaintiff or his attorney or agent, and not on the order of the court. So that, whether the court is in session or vacation, the clerk's office is open for the purpose of commencing suits or actions by issuing process therefor, including also process of attachment, under chapter 106, Code. Sections 1, 2, chapter 125, Code, provide for taking rules by the clerk, arranging same as far as possible that the same may not come on a court day of a regular term; the rules are to be entered by the clerk; and section 4 provides that "when there is no clerk to take a rule in a case, it shall stand continued until the next rule day after there is a clerk;" and section 5: "The rules may be to declare, plead, reply, rejoin, or for other proceedings; they shall be given from month to month." It is especially the clerk's duty to enter the rules, and there is no prohibition to his entering them when the court is in session, except as provided in section 1 aforesaid. The last clause of section 2, chapter 124, Code, which reads, "and process awarded in court may be returnable as the court shall direct," has no reference to the original process to commence a suit or action, but process found necessary by the court to a proper disposition of a case, which

has been so far matured as to place it upon the court's docket, and includes *scire facias*, to revive, rules to show cause, etc., as well as process for new parties found to be necessary to a proper hearing of the cause. No exceptions having been taken as to the judgment of the court releasing the lien of attachment on the personal property, I have not deemed it necessary or proper to discuss the sufficiency of the recordation of the deed of assignment as a mortgage or trust on personal property, such trust or mortgage being accompanied with a transfer of the possession of the personal property in good faith for a lawful purpose.

For the reasons herein stated, so much of the judgment of the court as is complained of—that is to say, so much of the finding and judgment as finds that the deed of assignment was properly admitted to record on the 25th day of January, 1897, and that the .title of the assignees, Millinger and Nold, to the real estate, was paramount to the lien of plaintiff's attachment—is set aside and annulled, and the case remanded to the circuit court of Wayne County for further proceedings to be had therein.

*Reversed.*