# CHARLESTON

SOUTH PENN COAL COMPANY *v.* SMITH *et al.*

Submitted June 17, 1907.    Decided February 18, 1908.

1. ACKNOWLEDGMENT—*Records—Contracts Improperly Acknowledged—*"*Duly Admitted to Record.*"
   If a contract for the sale or option of coal in place, which has not been acknowledged or proved by two witnesses as required by statute, be admitted to record by the clerk of the county court of the proper county, such contract is not "duly admitted to record." (p. 595.)

2. VENDOR AND PURCHASER—*Bona Fide Purchaser.*
   Such contract or option, so improperly admitted to record and copied into the deed book, is not a recorded contract and is not notice to subsequent purchashers.    (p. 595.)

3. SPECIFIC PERFORMANCE—*When Granted.*
   Where the assignees of such contract or option afterwards took another option from the optionor for a part only of the same coal and brought their suit, against the optionor and the purchaser of the land and coal not included in such other and later option, to enforce the specific performance of the first as well as the later option; and, pending the suit, the plaintiffs accepted from the optionor, in compliance with and in performance of the terms of the later option, a deed for the part of the coal so purchased under the later option and dismissed their suit as to the opitionor. HELD: the court will not enforce specific performance of the first option, nor set aside the deed of the purchaser of the land including the part of the coal not sold under the later option.    (p. 596.)

Appeal from Circuit Court, Barbour County.

Bill by the South Penn Coal Company against James R. Smith and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

J. HOP WOODS, for appellant.

CHAS. M. MURPHY and WM. T. GEORGE, for appellee Thomas C. Boyles.

MCWHORTER, JUDGE:

On the 16th day of July, 1901, James R. Smith, by a writing of that date, agreed with George M. Price & Company to sell said Price & Company all the coal in and underlying the surface of the farm or tract of land owned by him upon which he then lived in Barbour county, containing 143 acres more or less, at the price of $12 per acre, but saving and reserving the right to drill through said coal for oil and gas and also excepting the top vein of coal, which agreement was made subject to an option on said coal expiring in November, 1901, said coal being in two tracts, one containing 63 acres and the other 80 acres; and on the failure of the parties of the second part to comply with the contract within one year from its date it should be null and void and they should forfeit the money alread paid.

On the 23rd of April, 1902, George M. Price & Company notified said Smith, by writing of that date, that they would accept the coal optioned to them by said contract and were ready to comply with said contract on their part as soon as Smith would comply with the terms of said contract. The said contract was signed alone by J. R. Smith and witnessed by Elliott Morris and the same was entered of record by the clerk of the county court of Barbour county, being partially proven before him by the oath of J. N. B. Crim on the 25th day of April, 1902.

On the 10th day of February, 1902, said Smith and his wife entered into two written contracts agreeing to sell and convey in fee by deed of general warranty and free from all encumbrances and defects of title unto the South Penn Coal Company, a co-partnership, their heirs or assigns "all the coal below the bed of Sugar Creek, within and underlying"

said two tracts of 63 and 80 acres respectively, with certain mining rights and privileges. Said parties of the second part to pay for said coal at the rate of $10 per acre, one-third in cash on delivery of deed and balance in two equal annual installments with interest at six per centum, with the privilege of paying the same before maturity.

On the 14th day of April, 1902, the South Penn Coal Company notified the said vendors in writing that they would accept said coal and make the payments and execute their notes according to the terms of said two several options on the coal under the said tracts of 63 acres and 80 acres respectively, with the mining rights in said options provided for.

By deed dated February 23, 1903, J. R. Smith and Dorcas E. Smith his wife and Isaac Smith conveyed to Thomas C. Boyles in consideration of $1335.20 the said two tracts of land, reserving therefrom "all the coal underlying these two tracts of land that may be found beneath the level of bed of Sugar Creek, with such mining rights and privileges as are set forth in an option given by the party of the first part on or about the 10th day of February, 1902, to the South Penn Coal Company." And by deed of November 16, 1905, Thomas C. Boyles and Anna B. Boyles his wife conveyed to William T. George all the coal above the bed of Sugar Creek in said two tracts of land together with the mining rights, excepting and reserving therefrom "the upper three foot vein in the top of the hill known as the Gainer vein, whatever there may be of said vein under this land to the extent of 10 acres if there be that much of the upper three foot vein in the top of the hill underlying the said land."

At the January rules, 1906, J. N. Wilkinson, D. M. Willis, Guy E. Wilkinson, J. Trueman Nixon and W. W. Rainey, partners trading under the name of South Penn Coal Company, filed their bill in the circuit court of Barbour county against James R. Smith, Thomas C. Boyles, W. T. George and George M. Price & Company, giving the names of the several partners, claiming to be the assignee of said George M. Price & Company of the said contract of July 16, 1901, which they alleged to be a contract of sale of all the coal in said two tracts of land except the top vein and not an option as it was claimed to be by said James R. Smith and the other defendants; and praying that said Smith be compelled to

execute, acknowledge and deliver to plaintiff J. N. Wilkinson in trust for plaintiffs a deed for said Masontown or Four Foot vein and the said Freeport and all other veins and seams of coal below the said Masontown vein, whether above or below the bed of said Sugar Creek upon said two tracts of land with covenant of general warranty, free from all liens and encumbrances according to the terms of said contract and options upon the payment to him of the several amounts mentioned in the contracts, and that the deeds from Smith and wife to Boyles dated November 23, 1903, and from Boyles and wife to said George dated November 16, 1905, insofar as the same convey or purport to convey any coal or coal privileges so purchased by plaintiff under said contract or options be set aside as clouds upon plaintiff's title thereto and that they have a decree against the defendants Smith, Boyles and George for costs, and for general relief.

The defendants James R. Smith and Thomas C. Boyles appeared and severally demurred to the plaintiff's bill which demurrers were overruled. Defendant Smith filed his answer denying the material allegations of the bill; averring that the contract of July 16, 1901, was an option and so recognized by the plaintiffs; that the two options of February 10, 1902, were prepared by plaintiffs or some of the members or agents and the same were procured or obtained from respondents by John Patton, the agent of the plaintiff partnership, who represented to respondent and advised him that the Price option was of no legal force and effect and that respondent could at any time revoke the same and expressly wrote in the options he desired respondent to make to plaintiffs the revocations set out therein declaring said Price option forfeited, which respondent charges was equivalent to an express revocation thereof, and that the giving of the options of February 10, 1902, by respondent was a revocation of the Price option and that the same was so recognized at the time by said Patton and by the South Penn Coal Company to be an option contract. That the said option to Price & Company was wholly without consideration and was revocable by express revocation or by act of respondent at any time. That respondent by the two options dated February 10, 1902, gave plaintiffs the right to purchase the coal underlying the two tracts of 63 and 80 acres respectively to this

extent, "all the coal underlying said lands below the bed of Sugar Creek as appears by said options of February 10, 1902." That plaintiffs by writing dated April 14, 1902, gave notice to respondent of their election to purchase the coal under said options of February 10, 1902, but never gave respondent notice of any intention to purchase said coal under any other contract than the to options of February 10, 1902; and that it expressly appears by their said notice of April 14, 1902, that plaintiffs elected to purchase under said options of February 10, 1902, that respondent never had notice from plaintiffs that they were the owners of, or claimed to be the owners of, or desired to purchase under the Price option until about the 25th day of November, 1905, when plaintiffs handed to respondent a deed requiring him to convey all of the coal under the land, and at that time for the first time he had information that plaintiffs would insist upon conveyance of all the coal, claiming to be the owners of the Price option. That he refused to execute such deed because he had in good faith conveyed the two tracts of land, saving and reserving the coal and mining rights mentioned in the options of February 10, 1902; that respondent and his wife executed and tendered to plaintiffs a deed conveying to them the coal and mining rights and privileges according to the options of February 10, 1902, which they refused to accept and refused to pay respondent the purchase money and execute the deferred notes. That notwithstanding the notice of election to purchase, dated April 14, 1902, plaintiffs soon thereafter apparently abandoned the purchase of respondent's coal as well as numerous other tracts of coal optioned by them during which time respondent was required to sell his land to raise money to meet immediate demands and although he repeatedly applied to plaintiffs to take his coal under the options of February 10, 1902, they neglected to do so and paid no further attention to respondent's coal and other tracts optioned by them until recently when some stir in coal circles came around and then plaintiffs indicated an intention to purchase respondent's coal so optioned by them. That he has always been ready and willing to convey according to the option of February 10, 1902, and tendered with his answer a deed therefor under said options and prayed that the plaintiffs might be required to accept the

same and comply with the terms and conditions of the options of February 10, 1902.

By deeds dated November 27, 1905, the defendant James R. Smith and wife, Dorcas E. Smith, conveyed to J. N. Wilkinson, one of the plaintiffs, under the terms and conditions of said options of February 10, 1902, all the coal underlying and below the level of the bed of Sugar Creek in the two tracts of 63 and 80 acres respectively together with the mining rights for removing said coal, which deeds of conveyance were accepted by the plaintiffs and duly admitted to record in the clerk's office in Barbour county February 13, 1906.

On the 3rd of May, 1906, Thomas C. Boyles asked leave and was permitted to file his answer to plaintiff's bill averring that the writing, Exhibit A, with plaintiffs' bill dated July 16, 1901, was only an option to Price & Company for the coal underlying said land in the writing mentioned, was without consideration and might have been withdrawn upon the notice of either party thereto and that the said option was forfeited on the 10th day of February, 1902, by the options of that date executed to plaintiffs. That at the time respondent purchased said land from defendant Smith he knew nothing whatever of the contract or options by said Smith to Price & Company, that he examined the records of Barbour county and failed to find the said option of July 16, 1901; that he was informed by said Smith at that time there was only two options existing on the coal in and underlying said land which were the two of February 10, 1902, to plaintiffs; that upon carefully inspecting said options respondent found that they only extended to the coal below the bed of Sugar Creek and respondent had no knowledge or information whatever as to the seams of coal that plaintiffs were desiring to purchase from said Smith and had no idea that they desired the coal except that mentioned in their options, which were the seams of coal lying below the bed of Sugar Creek. That respondent in good faith purchased the lands subject to the options dated February 10, 1902, and filed with plaintiffs' bill and took possession of said land under his deed dated February 23, 1903, and filed as Exhibit D with plaintiffs' bill, and has since held possession under said deed without interruption and never knew that plaintiffs claimed

or suspected that plaintiffs ever intended to claim any of the coal except that mentioned in their said contract lying below the bed of Sugar Creek. That it is not true as alleged in the plaintiffs' bill, that respondent entered into any conspiracy, contract or understanding with said Smith, George or any one else to prevent the plaintiffs from having all the coal and mining privileges purchased by them or intended to be purchased by them or any one under said contract or options; that respondent never knew until the filing of plaintiffs' bill that they claimed any coal in said land except that included in their options of February, 10, 1902, "lying below the bed of Sugar Creek". Admitted that it was true, as alleged in the bill, that on the 16th of November, 1905, respondent sold and conveyed to William T. George, by deed of that date, a copy of which is filed with plaintiffs' bill, subject to certain exceptions mentioned in the deed, all the coal in and underlying said tracts of land lying above the level of the bed of Sugar Creek at the estimate price of $1000; that the sale to George was *bona fide* and for valuable consideration and was not made for the purpose of defrauding anyone, especially plaintiffs. That respondent had no knowledge or information at that time that plaintiffs claimed any coal in and underlying said land lying above the level of the bed of Sugar Creek. That it was true that prior to that time plaintiffs, through their agents, had been to see respondent and had made offers to buy his coal in said lands stating that they were not willing to take the coal under their said options with Smith unless they could at the same time purchase respondent's coal lying above the level of the bed of Sugar Creek, that their agent, Patton, in taking said options had made a mistake and had not taken same according to the directions of the plaintiffs and the parties to whom they were trying to sell it objected to the options because they did not include all the coal in said land, but respondent had no information at the time that the plaintiffs pretended to claim the coal in said lands above the level of the bed of Sugar Creek. That it was not true that respondent knew that Price & Company and plaintiffs as assignee of said Price & Company, at the time of said Price option and the execution of the said two options dated February 10, 1902, were trying to become the purchasers of what was commonly known as the Mason-

town or Four Foot vein and Freeport and all veins below the said Masontown vein; that he did not know and does not know now what seams of coal plaintiffs were trying to purchase in said lands as that was none of his business and about which he made no inquiry, but took the options dated February 10, 1902, at what they said. Respondent filed with his answer copies of two deeds dated November 27, 1905, made by J. R. Smith, in pursuance of said contracts and agreements of February 10, 1902, conveying to J. N. Wilkinson for plaintiffs all the coal in and underlying the said lands lying below the level of the bed of Sugar Creek, each of which contained the following provisions: "It is expressly agreed and understood that the grantors to this deed grant to the grantee all the coal underlying and below the bed of Sugar Creek." Averring that plaintiffs accepted the said deeds as full satisfaction and compliance with his said contract and options and that at the time of making said deed agreed with said Smith that if he would make said deeds that the same should be in full satisfaction, and in compliance with his said agreements of February 10, 1902, and as respondent was informed agreed to have this suit dismissed at the costs of the plaintiffs, and respondent insists and avers that upon information the acceptance of said deeds upon agreement with Smith was a full and complete discharge of respondent of all things and matters alleged against him in plaintiffs said bill, and that said settlement between said plaintiffs and Smith was in law and in equity a complete discharge of respondent from all matters and things in said plaintiffs' bill contained.

On the 15th of February, 1906, the following order was made in said cause: "And it being now admitted by the said Counsel for the plaintiff, and said Smith, that the matters in difference herein between them, but not between the plaintiff and the other defendants, have been agreed, and that this cause is to be dismissed as to said Smith, at the cost of the plaintiff, it is accordingly so ordered."

The cause came on to be heard on the 11th day of December, 1906, upon the papers theretofore read, former orders and decrees herein, the answer of Thomas Boyles filed at a former term and general replication thereto, when the court was of the opinion that the cause was for the defendants and de-

creed in favor of the defendant Boyles against the plaintiffs, the South Penn Coal Company. From which decree the South Penn Coal Company appealed and say the court erred: first, in not decreeing to appellants the enforcement of the written agreement of July 16, 1901, made by defendant James R. Smith with George M. Price & Company, and by said Price & Company assigned to appellants. It is contended by appellants that said contract of July 16, 1901, was a contract of sale and not an option. It matters not which it was a contract of sale or an option, the paper was not recorded and was therefore no notice to purchasers, and defendants. deny any knowledge whatever of said contract. Section 3075, Code of 1906, provides that, "The clerk of the county court of any county in which any deed, contract, power of attorne, or other writing is to be, or may be recorded, shall admit the same to record in his office as to any person whose name is signed thereto, when it shall have been acknowledged by him or proved by two witnesses as to him, before such clerk of the county court." This paper shows by the clerk's certificate of recordation that it was presented, "by J. R. Smith, was partially proven before me, by the oath of J. N. B. Crim, and upon motion of H. H. Byer, Atty., was this day duly admitted to record." In *Cox* v. *Wayt*, 26 W. Va. 807, it is held: "Such deed so admitted to recorded and copied into the deed book, is void as to subsequent purchasers for valuable consideration without notice." And it is there further held: "Such deed so improperly admitted to record and copied into such deed book is not a record deed, and the same is not notice to subsequent purchasers." *Abney* v. *Lumber Co.*, 45 W. Va. 446, (32 S. E. 256.)

It is contended that the answer of Boyles does not say that the contract of July 16, 1901, between Smith and Price & Company, was not recorded. This is immaterial as the paper shows upon its face that it was not recorded, it was neither acknowledged nor sufficiently proved to entitle it to recordation under the statute. And in appellees' brief it is insisted that it was not recorded.

The second assignment of error is that the court did not decree to plaintiffs, as vendees of Smith, "the enforcement of the two several options in the Bill mentioned, executed by said Smith to it on the 10th day of February, 1902, for the

sale of all the coal under the land therein  mentioned (being
the same land as  that  mentioned  in said agreement of July
16, 1901) lying  below  the bed of Sugar Creek, and of assert-
ing its claim and averment of which  defendants  had  notice,
that such description embraced the Masontown,  or  four foot
vein, and the  Freeport vein, and all seams of coal below said
Masontown vein, whether located above or  below the bed of
said Creek, the purpose and intent of said Smith being, under
said option, as averred in the bill, and of which  the  defend-
ants  had  notice,  and which averment and notice is substan-
tially undenied in the two answers filed to sell the  said veins
of coal wherever  situated  under  said  land,—the  location
whereof not being controlled by the *situs* named in  said op-
tions.''  Said  options of February 10, 1902, from Smith to,
plaintiffs distinctly  contracted  by Smith to sell and convey
with general  warranty,  free from all  encumbrances and  de-
fects of title, to the plaintiffs, their heirs and  assigns, all the
coal below the bed of Sugar Creek within and underlying the
said two tracts of land  respectively,  with  certain  mining
rights and  privileges  therein set forth at the price per acre
mentioned with  the  right of  plaintiffs to  purchase  any
number of acres of said land by paying  therefor  $100  per
acre.    And in pursuance  of  said  contracts or options, and
in fulfilment of the provisions thereof, on  the   27th  day  of
November, 1905, the said Smith and wife executed two deeds.
to plaintiffs for the coal in said   options agreed to be sold to
plaintiffs  under  the  said two tracts of land respectively, in
each of which deeds is  contained this provision:   ''It is ex-
pressly agreed and understood that the grantors to  this deed
grant to the grantee all   the   coal  underlying and below the
level of the bed of Sugar Creek only.''   Which deeds  plain-
tiffs accepted in full performance of said contracts  and  dis-
missed  their  bill  as to the said defendant James R.  Smith.
By these deeds plaintiffs received all that they could have re-
ceived by a decree enforcing the specific performance of said
contracts or options.    The terms thereof were clear and une-
quivocal, agreeing to sell ''all the  coal  below  the  bed  of
Sugar Creek within and  underlying'' the said several tracts.
of land,  together  with the mining rights &c.; and plaintiffs.
accepted the deeds in full compliance with and  performance
of said contracts and dismissed their suit as to  Smith.   The

allegations of plaintiffs' bill, that they were entitled to "the Masontown or Four Foot vein, the Freeport and all other seams of coal below the Masontown vein" and of which Smith and Boyles had notice, could only be based upon the Price & Company contract of July 16, 1901, which we have seen was never recorded and of which Boyles denies having any notice, and both Smith and Boyles deny any knowledge whatever of the veins of coal existing in and underlying said lands. The cause having failed as against Boyles, the interest of his vendee, George, cannot be affected in any way.

We see no error in the decree and the same is affirmed.

*Affirmed.*