# CHARLESTON.

FLEMING *vs.* ERVIN'S COMMITTEE, ET AL.

1873.
January
Term.

ARETUS B. FLEMING, PLAINTIFF IN THE ACTION AND
PLAINTIFF IN ERROR, *against* WILLIAM ERVIN'S
COMMITTEE AND WILLIAM H. SNYDER, DEFEN-
DANTS IN THE ACTION AND DEFENDATS IN ERROR.

Decided February 24th, 1873.

## SYLLABUS.

A deed, having a certificate of acknowledgment of the grantor, from
the Mayor of the town of Staunton, State of Virginia, in October,
1863, and also a certificate from the Clerk of the Circuit Court of
the City of Richmond, that said deed was admitted to record
therein: and also a certificate from the Clerk of the County Court
of Augusta County, Va., that the said deed, with the foregoing
certificates annexed, was admitted to record in that office, is not
properly authenticated for record in this State, and is not compe-
tent evidence, as a recorded deed.

The Court refused to admit evidence of a party's possession of land,
and of the possession of the tenant under him, because, in the
judgment of the Court the deed under which the party claimed,
was void, on the ground that the consideration had been paid in
Confederate money. This ruling was erroneous.

1873.
January
Term.

Fleming,
v.
Ervin's Com-
mittee. et al.

This is an action of ejectment from the Circuit Court of Gilmer County, and in which there was a verdict and judgment for the Defendants.

Upon the trial the Plaintiff offered in evidence a deed conveying the land in controversy, and to which was appended a certificate of acknowledgment before the Mayor of Staunton, Virginia, dated October 27, 1863, and a certificate by the Clerk of the Circuit Court of the City of Richmond that this deed was recorded in the office of that Court January 16, 1864; and also a certificate of the Clerk of the County Court of Augusta County, Virginia, that the said deed was admitted to record in his office October 21st 1874.

The Court sustained the Defendants objection to the introduction of this evidence on the ground that the Mayor of Staunton, Virginia, the clerk of the Circuit Court of the City of Richmond, Virginia, and the clerk of the County Court, of Augusta, Virginia, purported to be acting as officers within, and under authority of the rebel State Government, at Richmond, in the month of October, 1863 and during the late rebellion, as the Court would take judicial cognizence of said rebellion, and because all acts of persons purporting to be official acts done under authority of the rebel State Government, of Virginia, at Richmond, are void, that Staunton was, on the 27th day of October, 1863, within the Military lines of the so-called Confederate States.

The Court permitted a witness, by whom the Plaintiff had proven the execution of said deed, to be examined by the Defendant as to, and to state, the consideration of said deed. This witness stated that the consideration of said deed were partly bank notes of Southern States, but chiefly treasury notes of the Confederate Government, and that both parties to the deed were, both before and after its date, in the Military service of the Confederate Government.

The signature to the deed was proven to be that of the grantor therein named, and the deed was again offered

in evidence and excluded by the Court because the con-
sideration thereof was Confederate money, and because
the parties thereto were armed rebels.

The court refused to permit the plaintiff to prove that
the grantee in said deed had, by virtue, and in pursu-
ance thereof, taken possession of the land described,
and that one of the defendants became a tenant on said
land by reason of the title conveyed by said deed.

*Boggess & Bennett,* for Plaintiff in Error,

· *Ferguson,* for Appellees, Defendants in Error.

PAULL, Judge:

On the trial of an action of ejectment in the County
of Gilmer, in March 1869, the Plaintff, in order to sus-
tein his title, proposed to offer in evidence a deed exe-
cuted by Samuel S. Stout to Robert R. Marshall, for the
premises in controversy, bearing date on the 27th day of
October 1863 ; having appended thereto a certificate of ac-
knowledgment by the grantor, given by Nicholas K. Stout,
Mayor of Staunton ; and, also, a certificate from Benja-
min Pollard, Clerk of the Circuit Court of the City of
Richmond, that said deed was admitted to record in his
office ; and, also, a certificate from William A. Burnet,
clerk of the County Court, of Augusta County, Virginia ;
that said deed with the certificates, aforesaid, of the Mayor
of Staunton, and the Clerk of the Circuit Court, of Rich-
mond, annexed, had been admitted to record in his office.
To the introduction of this deed, thus authenticated,
objection was made by the Defendants, and the objection
was sustained by the Court, and the deed excluded ; and
to this ruling of the Court the Plaintiff excepted.

I am of opinion that the objection was properly sus-
tained by the Court. I know of no authority of law
for the authentication of a deed in that form, for its ac-
knowledgment before the Mayor of any city or town
within the limits of the United States, upon whose cer-
tificate the deed could be admitted to record within
this State ; the deed was properly excluded.

1873.
January
Term.

Fleming,
v.
Ervin's Com-
mittee. et al

1873.
January
Term.

Fleming.
v.
Ervin's Com-
mittee. et al

After the exclusion of the deed, aforesaid, for want of proper authentication the plaintiff proved the due execution of said deed by the grantor by witnesses introduced for that purpose, one of whom was the grantee, who proved that the grantor signed, executed and delivered said deed to him for record; five other witnesses testify to the genuineness of the grantors signature, and one of them from his declaration that he had sold his land to the grantee, and made him a deed therefor.

The Defendants then proceeded to inquire of the witnesses or some of them, as to the consideration mentioned in said deed, and whether the same had been paid in Confederate money. To this inquiry the Plaintiff objected, but the objection was overruled by the Court, and the testimony admitted; and to this ruling of the Court the plaintiff excepted. The fact that the payment of the $1200, the consideration named in the deed, was made in Confederate money does not invalidate the transaction or avoid the deed unless there was an unlawful, wrongful or immoral purpose on the part of the parties thereto, connected with it and nothing of this kind appears on the record. Thorington vs. Smith, 8 Wallace 1, and Mathew W. Harrison, Ex'or, &c., vs. Farmer's Bank of Virginia, decided by this Court at the present term. The Plaintiff then proposed to prove his possession of the premises by virtue of the deed aforesaid, and that William Erwin became his tenant by reason of his title under said deed, and not otherwise; to the admission of this evidence the Defendants objected, and the court excluded the testimony, on the ground that the said deed from Stout to Marshall was void, and that the latter had acquired no such right by virtue thereof, as the Court could enforce; and to this action of the Court, the Plaintiff excepted. For the reasons hereinbefore assigned, this ruling of the Court was erroneous. There are no other questions appearing upon the record, requiring

the notice of the Court.

Under the proceedings had in this case, as hereinbefore detailed, the jury found a verdict for the Defendants, and a judgment was rendered in their favor for the costs of this suit.

Under the views and principles hereinbefore announced, it is manifest that the verdict is erroneous, and the judgment is hereby reversed, with costs to the appellant according to law; and the verdict of the jury set aside; and this case is remanded to the Circuit Court of Gilmer county, and the Plaintiff awarded a new trial therein.

MOORE and HOFFMAN, Judges concur in the foregoing opinion.

HAYMOND President, absent.

1878.
January
Term.

Fleming,
v,
Ervin's Committee. et al