# CHARLESTON

Zolsman v. Totz *et al.*

Submitted June 16, 1914. Decided June 30, 1914.

1. Acknowledgment—*Officers Authorized to Take—Mayors.*
   The mayor of a municipality within this state possesses no legal authority to take and certify acknowledgments to deeds or other writings; such authority being limited, by §3, ch. 73, Code 1913, to the persons therein named. (p. 605).

2. Same.—*Validity.*
   An acknowledgment to a trust deed, certified by an officer having no legal authority therefor, is void and ineffectual for any purpose. (p. 605).

Appeal from Circuit Court, McDowell County.

Bill by Bessie Zolsman against Louis Totz and others. Decree for defendants, and plaintiff appeals.

*Reversed, and Injunction Reinstated.*

*Anderson, Strother & Hughes,* for appellant.

*Strother, Taylor & Taylor,* for appellees.

LYNCH, JUDGE:

The real question upon this review relates to the right of a mayor of a municipality to take and certify acknowledgments to a deed of trust, a sale under which plaintiff sought to enjoin. She was at the date of the deed a married woman living with her husband. By bill, and upon examination as a witness, she denies execution of the trust, and liability for the debt thereby secured. But a discussion of the testimony is unnecessary, if the acknowledgment was not properly certified; for it is well settled in this state that to bind her the deed of a married woman must be acknowledged, and the acknowledgment certified by an officer legally authorized for that purpose. Without such acknowledgment, her deed is ineffectual as a conveyance of her property for any purpose. *Pickens v. Stout,* 67 W. Va. 422.

We think §3, ch. 73, Code 1913, limits authority for the certification of acknowledgments to the persons therein named. Section 2 directs the clerk of the county court to record deeds or other writings when acknowledged for the purpose; and section 3 requires him to admit to record any writing as to any person whose name is signed thereto, upon the request of any person interested therein, upon a certification of his acknowledgment before a justice, notary public, recorder, prothonotary, or clerk of any court within the United States, or commissioner within the same appointed by the governor of this state. It also prescribes the form of such acknowledgment. The mayor, not being among those enumerated, is necessarily excluded. Being without authority, his certificate is void and futile.

Nor is there virtue in the contention based on §39, ch. 47, wherein it is said a mayor shall within the municipality "have, possess and exercise all the powers and perform all the duties vested by law in a justice of the peace." By subsequent clauses of the same section, it is evident the legislature intended to further prescribe and limit the jurisdiction and authority of the mayor, in so far as deemed concurrent with that of a justice. There it is declared he shall have the same power as a justice to issue attachments in civil suits, though the cause of action arose out of the city, but that said attachment shall

be returnable and be heard before some justice of his county. Authority to take and certify acknowledgments evidently was not in the legislative mind or purpose at the time chapter 47 was enacted; because it had fully expressed itself in its grant of authority in the section first cited.

This court, in *Fleming* v. *Ervin,* 6 W. Va. 215, held void and ineffectual a certificate of acknowledgment by a mayor of Staunton, Va., in October, 1863, although by § 6, ch. 48, Code 1860, "every person holding the office of mayor, recorder or alderman of an incorporated town shall by virtue of such office be a justice of the corporation"—language much more comprehensive than § 39, ch. 47. As of course the question of authority depends upon our own statute, decisions of other states serve no useful purpose.

The deed not having passed title to the lot, because void as to plaintiff, the court erred in dissolving the injunction. For this error, we reverse the decree of September 11, 1912, reinstate and perpetuate the injunction.

*Reversed, and Injunction Reinstated.*