The Honorable Wayne Mixson Lieutenant Governor Secretary Department of Commerce Collins Building Tallahassee, Florida 32301 Attention: Ms. Amelia Rea Maguire Assistant Secretary
Dear Secretary Mixson:
This is in response to your department's request for an opinion on the following question:
 DOES THE LANGUAGE OF FLORIDA STATUTE s 695.03(3) REQUIRE THAT A COMMISSIONER OF DEEDS APPOINTED BY THE GOVERNOR PURSUANT TO CHAPTER 118, FLORIDA STATUTES, ACTUALLY RESIDE IN THE FOREIGN COUNTRY WHERE THE ACKNOWLEDGMENT TO AN INSTRUMENT REGARDING REAL PROPERTY IS TAKEN?
While the Department of Commerce has no statutorily delegated duties and responsibilities regarding the appointment and commissioning of Commissioners of Deeds in foreign countries or the taking of acknowledgments and proofs of execution by authorized persons of instruments concerning real property in those countries, the department, pursuant to Ch. 288, F.S., does have duties and responsibilities relating to the growth and development of the state, including encouraging foreign investment for the economic development of the state. Therefore, in this instance in the public interest, I am rendering an opinion since any appointment or action by an appointee as suggested in the inquiry could call into question the validity of any such acknowledgment or proof of execution taken before an unauthorized person and jeopardize the validity of a conveyance or priority of a mortgage lien or other lien. See, e.g., Evans v. Dickenson,114 F. 284 (5th Cir. 1902) (notary public commissioned by the Governor of Florida in and for a certain county has no power to take an acknowledgment outside of such county); Zolsman v. Totz,82 S.E. 511 (W.Va. 1914) (acknowledgment taken by a person without authority to take it is void and of no effect); Hagan Bros. v. Beaty, 79 So. 250 (Ala. 1918) (an act done by an officer authorized to take and certify acknowledgments beyond the boundaries of his local jurisdiction, no matter how formal he may make it appear is sheer usurpation, having no official validity).
You state in your letter that AGO 81-77 "relating to the position of Commissioner of Deeds . . . states that such official is not required to be a resident of Florida but does not address those situations where a Florida resident, duly appointed as a Commissioner of Deeds for a particular foreign country, travels to that foreign country to take acknowledgments in that locale relating to real property in the State of Florida." That opinion plainly stated: "Reading ch. 118, F.S., and ss. 695.03 (2) and (3), F.S. (1980 Supp.), in pari materia, the legislative intent seems clearly to be that a duly appointed Commissioner of Deeds reside in or be a resident of another state or territory of the United States, the District of Columbia, or a foreign country." (e.s.) Section 695.01, F.S., in pertinent part, provides: "No conveyance, transfer or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law . . . ." Subsection (3) of s 695.03, F.S., distinctly provides that in order to be entitled to be recorded, any instrument concerning real property must be acknowledged by the party executing it or the execution must be proved by a subscribing witness to it before the officers and in the form and manner following: "If the acknowledgment or proof be made in any foreign country, it may be made before any commissioner of deeds appointed by the Governor of this state to reside in such country, . . . or before any ambassador, envoy . . . or any other diplomatic or consular officer of the United States appointed to reside in such country." (e.s.) If the residence of a Commissioner of Deeds appointed and commissioned by the Governor in and for a foreign country is immaterial, the above quoted statutory language would be superfluous. The type of emissary Commissioner of Deeds you contemplate who at the time an acknowledgment of an instrument concerning real property located in Florida is required would travel to the foreign country to take an acknowledgment does not appear to be authorized or contemplated by the terms of Ch. 118, F.S., and s 695.03(3), F.S., when read in pari materia.
To contend that a person traveling to another country solely for purposes of taking an acknowledgment is "temporarily residing" in that country, as suggested by the inquiry, is engaging in a game of semantics which this office cannot endorse. For definitions of residence, see, e.g., Robinson v. Fix, 151 So. 512, 513 (Fla. 1933); Gillman v. Gillman, 413 So.2d 412, 413 (4 D.C.A. Fla., 1982); Puente v. Arroyo, 366 So.2d 857, 858 (3 D.C.A. Fla., 1979). See generally, 20 Fla.Jur.2d Domicil and Residence ss 4, 5, 6; 77 C.J.S. Reside p. 286-289. I am aware of AGO 72-51 which appears to express an inconsistent conclusion to the effect that Ch. 118, F.S., does not limit the jurisdiction of the Commissioner of Deeds, and therefore, the commissioner can act as a "commissioner at large." However, that opinion did not examine nor consider the provisions of s 695.03(3), F.S., in reaching the conclusion expressed therein. Compare, subsection (3) of s 92.50, F.S., providing that oaths, affidavits, and acknowledgments, required or authorized by the laws of this state, "may be taken or administered in any foreign country, by or before any judge or justice of a court of last resort, any notary public of such foreign country, any minister, consul general, charge d'affaires, or consul of the United States resident in such country." (e.s.) Therefore, to the extent of any inconsistencies with the conclusion expressed in AGO 72-51, that opinion is hereby superseded. Questions concerning the authority and jurisdiction of a Commissioner of Deeds in and *2852 for another country could cast doubt on the validity of an acknowledgment and the entitlement of a particular instrument to recordation in the public records, and therefore, the situation you are suggesting should be avoided in the absence of legislative clarification or judicial precedent.
Therefore, until such time as it is judicially determined otherwise, I am constrained to conclude that the terms of ss695.01 and 695.03(3), F.S., require that a Commissioner of Deeds, appointed and commissioned by the Governor of this state in and for a foreign country pursuant to Ch. 118, F.S., actually reside in the foreign country where an acknowledgment of an instrument concerning real property located in Florida is to be taken by such commissioner.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General