In re Merwood William **MORGAN** and Virginia Jane Morgan, Debtors.

James J. **HARKINS**, Trustee for Merwood William Morgan and Virginia Jane Morgan, Plaintiff,

v.

**WHEELING NATIONAL BANK**, Merwood William Morgan and Virginia Jane Morgan, Defendants.

Bankruptcy No. 88–00578–W.
Adv. No. 88–0061.

United States Bankruptcy Court,
N.D. West Virginia,
Wheeling Division.

March 7, 1989.

James J. Harkins, Jeffrey McCamic, Robert Fitzsimmons, Wheeling, W.Va., for plaintiff.

Robert Fitzsimmons, Jeffrey McCamic, Wheeling, W.Va., for defendants.

## MEMORANDUM OPINION

L. EDWARD FRIEND, II, Bankruptcy Judge.

This adversary proceeding originally came before the Court on the complaint of the Chapter 7 Trustee, James J. Harkins, seeking a determination as to whether the defendant, Wheeling National Bank, has a perfected lien against real estate of the debtors herein. The defendants, Merwood William Morgan and Virginia Jane Morgan, debtors, joined in the relief requested by the Trustee, and seek a determination of the validity of Wheeling National Bank's lien. The defendant, Wheeling National Bank, asserts that it has a perfected lien on the real estate at issue, which is owned by the debtors.

The parties agreed in the pretrial order filed with the Court that the case would be submitted to the Court by way of stipulated facts and memorandums. The plaintiff and the defendant have submitted memorandums to the Court.

By pretrial order dated the 18th day of November, 1988, the parties have made the following stipulations:

1. Merwood William Morgan and Virginia Jane Morgan (hereinafter referred to jointly as "debtors"), filed a voluntary Chapter 7 petition with this Court on the 15th day of August, 1988. James J. Harkins, plaintiff in this adversary proceeding is the duly appointed, qualified, and acting trustee.

2. The defendant, Wheeling National Bank, is listed as a secured creditor in the debtors' schedules.

3. One of the assets the debtors listed was a parcel of real estate located at Five 23rd Street, McMechen, West Virginia, having a market value of $30,000.00.

4. The defendant, Wheeling National Bank, filed a proof of claim in the matter and asserts a perfected deed of trust lien upon the aforesaid real estate in the sum of $23,382.92.

5. On January 23, 1988, the debtors executed and delivered to Wheeling National Bank, a deed of trust to secure the payment of a promissory note in the sum of $23,743.61, which deed of trust was recorded on February 1, 1988, in the Marshall County Clerk's office in Deed of Trust Book 480 at Page 611.

6. A copy of the deed of trust is attached to the pre-trial order and the parties agree that there is no executed certification of acknowledgment of the debtors' signatures in the aforesaid deed of trust.

7. The debtors have claimed an exempt interest in the real estate and are parties in interest to this proceeding.

The issue before this Court is whether or not a deed of trust that lacks the acknowledgment of a notary public, but is recorded, is enforceable against the trustee under § 544 of the Bankruptcy Code. 11 U.S.C. § 544.

## DISCUSSION

Title 11 U.S.C. § 544 provides in part:

*Trustee as lien creditor and as successor to certain creditors and purchasers*

(a) The trustee shall have as of the commencement of the case, and without regard to any knowledge of the trustee

or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

The Fourth Circuit addressed the bona fide purchaser provision of 11 U.S.C. § 544(a)(3) in *In Re Hartman Paving, Inc.*, 745 F.2d 307 (4th Cir.1984). In *Hartman*, a deed of trust was notarized by the deed of trust grantee. Subsequently, the grantor of the deed of trust filed for reorganization relief under Chapter 11 of the Bankruptcy Code. Thereafter, the grantor of the deed of trust as debtor in possession, attempted to avoid the lien on real estate created by the deed of trust for the reason that the trustee of the deed of trust was also the notary on the deed of trust. Under West Virginia law, the grantee of a deed of trust may not notarize the document. *Tavenner v. Barret*, 21 W.Va. 656 (1883). The Fourth Circuit found, in *Hartman*, the controlling precedent to be *Tavenner* and cited *Tavenner* for the proposition that an improperly acknowledged deed is void against subsequent bona fide purchasers for value without actual notice. However, in *Hartman*, the court found

that since the grantor of the deed of trust was the debtor in possession, and had actual notice as a party to the original transaction, the debtor in possession could not avoid the transaction which resulted in a lien on his real estate. The *Hartman* court noted:

When Hartman filed for bankruptcy, therefore, he became a debtor in possession under section 1107(a) and was entitled to avoid any obligation that would have been voidable by subsequent bona fide purchaser for value or lien creditor under West Virginia law. *Tavenner*—the controlling West Virginia precedent—states in part that a deed acknowledged by a trustee acting as a notary will not be valid against subsequent bona fide purchasers for value. Thus, Hartman argued below, and now contends on appeal, that as debtor in possession he was entitled under section 544(a) to avoid the deed of trust and treat Pyne as an unsecured creditor.

We are not persuaded by Hartman's argument because it ignores a critical part of the *Tavenner* holding. *Tavenner* stands for the proposition that an improperly acknowledged deed is only void against subsequent bona fide purchasers for value who take without actual notice.

*Hartman*, 745 F.2d at 309.

As noted, *Hartman* was limited to the issue of the debtor in possession's avoiding powers under 11 U.S.C. § 544(a)(3), when the debtor in possession was a party to the original transaction that created the lien on his real estate. The *Hartman* majority found that although Hartman was entitled to claim the avoiding powers under § 544(a)(3), as properly defined under West Virginia law, these avoiding powers did not permit Hartman to avoid the deed because "Hartman is not the type of subsequent purchaser that *Tavenner* was designed to protect." *Hartman*, 745 F.2d at 310. However, Chief Judge Winter, in his dissenting opinion, noted that under § 544(a), Hartman's knowledge, as debtor, is not imputed to him as debtor in possession, and as debtor in possession, Hartman is the trustee for the bankruptcy estate and had a

duty to object to the secured status of creditor's claim. *Id.* at 311.

Many courts have examined the trustees' avoiding powers under 11 U.S.C. § 544(a)(3) and *Hartman* has been the subject of criticism by some circuits. Some of the more significant cases with respect to the trustee's avoiding powers under 11 U.S.C. § 544(a)(3) are briefly discussed below. However, it is important to note that the application of 11 U.S.C. § 544(a)(3) is dependent upon the applicable state law. .

In *In Re Sandy Ridge Oil Company Inc.,* 807 F.2d 1332 (7th Cir.1986), the court held that under Bankruptcy Code § 544(a), a trustee shall be able to avoid an encumbrance that could be voidable by a bona fide purchaser "without regard to any knowledge of the trustee or any creditor". The natural interpretation of this language is that actual knowledge of the encumbrance will never prohibit the trustee from exercising § 544(a)(3).

In *In Re Probasco,* 839 F.2d 1352 (9th Cir.1988), the court found that by virtue of § 544(a)(3), the trustee has the right of a hypothetical bona fide purchaser. The language of the section renders the trustee's or any creditor's knowledge irrelevant. However, it does not make irrelevant the constructive notice given by recorded instruments that might show a competing claim or title to the real estate in question. *See also, Matter of Standard,* 74 B.R. 608 (Bkrtcy.E.D.Wis.1987) (trustee's actual notice is irrelevant, but trustee is still bound by constructive notice); *In Re Jackson,* 80 B.R. 213 (Bkrtcy.D.Colo.1987) (trustee's actual notice is irrelevant, but trustee, as a bona fide purchaser under Colorado law, is deemed to have constructive notice of recorded documents.); *In Re White Beauty View, Inc.,* 81 B.R. 290 (Bkrtcy.M.D.Pa. 1988) (one description was left off the deed of trust. The bank was not in possession of the property so the trustee had no notice of clear and open possession. The court said no constructive notice because no circumstances were present to put a reasonable man on inquiry.)

In the case of *In Re Hagendorfer,* 803 F.2d 647 (11th Cir.1986), the court, in interpreting state law, held that where property is not described sufficiently to identify it with reasonable certainty, and there is nothing else to put the searcher on an inquiry, the record will not give constructive notice of the conveyance. But the record, although defective as regards the description of the property, will nevertheless operate as notice, if sufficient to put a reasonable man on inquiry. An examination of title would have put a bona fide purchaser or judicial lien creditor on notice.

In *In Re Casbeer,* 793 F.2d 1436 (5th Cir.1986), the court found that at least in those cases where acknowledgment is not essential to the validity of the instrument, an attack upon the sufficiency of a record not sufficient on its face may not be made by a subsequent purchaser by showing a defective acknowledgment.

In *McCannon v. Marston,* 679 F.2d 13 (3rd Cir.1982), the court held that the words "without regard to knowledge", of § 544(a)(3), are not intended to nullify all state law protections. The concern here is whether the trustee's or creditor's actual knowledge might affect the trustee's status as a hypothetical judicial lien creditor. The test of § 544(a)(3) is the status of a bona fide purchaser against whom applicable law permits such transfer to be perfected. The trustee's status as a hypothetical lien creditor should not be affected by any knowledge which he, personally, or any or all of the creditors may have.

The weight of authority is that the phrase "without regard to any knowledge of the trustee or any creditor" of 11 U.S.C. § 544(a)(3), indicates that a trustee would not have the notice that would interfere with his bona fide purchaser status of § 544(a)(3), if he, in fact, actually knew of the lien or prior conveyance. However, the trustee, as a bona fide purchaser under § 544(a)(3), is subject to all the constructive notice provisions of the state in which the trustee is attempting to assert his § 544 power. If there is such constructive notice as would preclude a bona fide purchaser from prevailing under state law, then the trustee cannot prevail under § 544(a)(3).

West Virginia's recording statutes are as follows:

W.Va.Code, 1931, § 40–1–8, as amended, provides, where pertinent:

Any contract in writing ... made for the conveyance or sale of real estate, or an interest or term therein of more than five years, or any other interest or term therein, of any duration, under which the whole or any part of the corpus of the estate may be taken, destroyed, or consumed, except for domestic use, shall, from the time it is duly admitted to record, be, as against creditors and purchasers, as valid as if the contract were a deed conveying the estate or interest embraced in the contract.

W.Va.Code, 1931, § 40–1–9, as amended, provides:

Every such contract, every deed conveying any such estate ... shall be void, as to creditors, and subsequent purchasers for valuable consideration *without notice,* until and except from the time that it is duly admitted to record.... (Emphasis supplied)

In the *Hartman* case, *supra,* the Fourth Circuit quoted from *Tavenner, supra,* as follows:

The want of a proper acknowledgment does not however invalidate the deed (of one sui juris) but only goes to the effect of the record. If not acknowledged or proved, its record is not provided for by law, and the fact that it may be copied upon the books and records will not operate as constructive notice to subsequent purchasers.

*Hartman,* 745 F.2d at 310.

The Fourth Circuit further quoted from *Tavenner, supra:*

The deed however is good between the parties (being *sui juris*) and should prevail against subsequent deeds to those who had actual notice of its existence.

*Hartman,* 745 F.2d at 310.

The trustee in *Hartman, supra,* was a Chapter 11 debtor in possession. When Hartman signed the note, he signed it as president of Hartman Paving Corporation. Upon filing the bankruptcy petition, Hartman acquired the status of debtor in possession and attempted to invalidate the deed of trust he had signed as president. The Court found that Hartman *was a party* to the transaction and consequently had actual notice of the conveyance. In the instant case, the debtor is a Chapter 7 debtor. The trustee is selected from a panel specially formed to liquidate Chapter 7 bankruptcies. The trustee neither had actual notice of the transaction, nor was he a party to the transaction.

The law as it exists under the aforesaid recording statutes of West Virginia is well settled. Defective instruments recorded in the county clerk's office are not constructive notice to subsequent bona fide purchasers. Thus in the case at hand, the improperly acknowledged deed is not constructive notice to the trustee as a bona fide purchaser under 11 U.S.C. § 544(a)(3). In order for the holder of the defective recorded document to prevail, he must show that there is some other type of constructive notice which would put a buyer on reasonable inquiry. There is no such other constructive notice in the case at hand.

Accordingly, there being no constructive notice that would preclude a bona fide purchaser from prevailing against the defendant, the Wheeling National Bank, under West Virginia law, the trustee can successfully assert his power as a bona fide purchaser of real property from the debtor under § 544(a)(3). The Court finds that the lien of the Wheeling National Bank is not perfected as to the trustee. The trustee prevails.

It is accordingly SO ORDERED.