**In re Gary Douglas SMITH, Debtor.**

**Gary Douglas SMITH, Plaintiff,**

**v.**

**Philip D. MOONEY and Kevin B. Burgess in their capacity as Trustees, and Woodrow W. Jones, Defendants.**

**Bankruptcy No. 20159.**

United States Bankruptcy Court,
S.D. West Virginia
Bluefield Division.

June 1, 1993.

Andrew Nason, Charleston, WV, for plaintiff.

Ralph C. Young, Oak Hill, WV, for defendants.

## MEMORANDUM OPINION

L. EDWARD FRIEND, II, Chief Judge.

*Facts*

Debtor/plaintiff, Gary D. Smith ("Smith"), and his wife, and defendant, Woodrow W. Jones ("Jones"), and his wife purchased a 1.882 parcel of real estate in July, 1971. Smith and Jones utilized the property in their business for the next several years.

On July 24, 1990, Smith executed a deed of trust against his one-half undivided interest in the property to Jones to secure a promissory note in the amount of $100,000.

Smith defaulted on the promissory note. Under the terms of the deed of trust, the beneficiary, Jones, directed the deed of trust trustee to foreclose upon the property. The trustee sold Smith's one-half undivided interest in said property at public auction to the highest bidder on January 9, 1992. Jones, who bid the balance due upon the note and the costs of foreclosure, a total of $89,704.89, was the highest bidder.

On February 15, 1992, Smith filed his Chapter 11 bankruptcy petition.

On March 6, 1992, the deed of trust trustee prepared and recorded the deed from the sale.

## Issue

Is the transfer from the deed of trust trustee to Woodrow W. Jones avoidable.

## Discussion

Although the gravamen of the parties' arguments focused upon Bankruptcy Code § 362, the basis of this Court's opinion lies in Bankruptcy Code § 549.[1] In essence, that section deals with the avoidance of transfers which occur after the commencement of the case. Bankruptcy Code § 549(a) states, for purposes under consideration here, that the trustee may avoid a transfer of property of the estate made after the commencement of the case.[2] 11 U.S.C. § 549(a). Although the Fourth Circuit Court of Appeals did not expressly answer the question of whether the time of the transfer affected the applicability of § 549, the factual circumstances in *In re Konowitz*, 905 F.2d 55 (4th Cir.1990) provide the framework to which § 549 applies. In *Konowitz*, the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 20, 1988. Three days after the petition was filed, a foreclosure sale was conducted. On October 5, 1988, Konowitz filed notice of his bankruptcy in the local state court, the location of the relevant land records. The question which the court in *Konowitz* addressed was whether the § 549(c) exception should be applied to the case where the requisite notice was filed *after* a post-petition foreclosure sale held by the mortgagee, but *before* judicial ratification of that sale. In that case, the foreclosure sale was held after the debtor filed his petition. In formulating the issue in that case, the court specifically noted the post-petition timing of the sale. *Id.* at 57. Here, the foreclosure sale was held over one month prior to Smith's filing his Chapter 11 petition. To determine whether Bankruptcy Code

§ 549 may avoid the transfer in the present case, it must be shown that, although the foreclosure sale occurred prior to the debtor's filing his petition in bankruptcy, the *transfer* was not complete until after such filing.

 While Federal Bankruptcy law determines the trustee's avoidance powers, state law defines the extent to which they may be applied. *See In re Stuckey*, 126 B.R. 697 (Bankr.E.D.Va.1990) (*citing Havee v. Belk*, 775 F.2d 1209, 1218 (4th Cir. 1985) and *Harkins v. Wheeling National Bank (In re Morgan)*, 96 B.R. 615, 618 (Bankr.N.D.W.Va.1989)). *See also Angeles Real Estate Co. v. Kerxton*, 737 F.2d 416, 418 (4th Cir.1984). In *Atkinson v. Washington and Jefferson College*, 54 W.Va. 32, 40, 46 S.E. 253 (1903), the Supreme Court of Appeals of West Virginia, in a case involving a deed of trust foreclosure sale, stated that although the acceptance of the bid and the making of a memorandum thereof by the trustee constitutes a complete contract of sale, binding the purchaser to accept the bid and pay the purchase money, the contract does not confer title upon him. The purchaser obtains title by the deed. *Id.* The contract confers only the right to call for the legal title, to enforce a specific performance of the contract of sale. *Id.* Consistent with the Supreme Court of Appeals of West Virginia, this Court finds that, as to the transfer of real property, such transfer cannot be complete absent delivery of the deed. In the present case, because the deed was not prepared and delivered until March 6, 1992 (i.e., post-petition), the transfer must be considered to have been post-petition.

Bankruptcy Code § 1107(a) gives the debtor-in-possession, for purposes under consideration here, all the rights and powers of a trustee serving in a case under Chapter 11. Accordingly, pursuant to

---

1. *See* 11 U.S.C. § 101, *et. seq.*

2. Bankruptcy Code § 549(a) states:
 Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) [made] that occurs after the commencement of the case;
(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
 (B) that is not authorized under this title or by the court.

Bankruptcy Code §§ 1107(a) and 549(a)[3], the transfer of Smith's property under the foreclosure sale is hereby **AVOIDED.**[4]

■ Further, even if the foreclosure sale could not have been avoided pursuant to Bankruptcy Code § 549(a), the attempted preparation and delivery of the deed, postpetition, would have been void under Bankruptcy Code § 362. Upon the commencement of a bankruptcy case, an estate is created. Such estate is comprised, with certain exceptions inapplicable here, of all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). This Court's interpretation of the *Atkinson* decision is that until the deed of trust trustee delivers the deed, the debtor continues to maintain an equitable interest in the subject property. Given this, upon commencement of his petition in bankruptcy, Smith's equitable interest in the foreclosed upon property caused such property to become property of the estate under Bankruptcy Code § 541. Bankruptcy Code § 362(a)(3) operates as a stay of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. Acts taken in violation of § 362 are void. *In re Knightsbridge Development Co., Inc.*, 884 F.2d 145, 148 (4th Cir.1989). Therefore, regardless of this Court's disposition under Bankruptcy Code § 549, Bankruptcy Code § 362 would otherwise preclude Jones' acceptance of good title.

■ Even if the deed of trust trustee delivered the deed prior to Smith's filing his Chapter 11 bankruptcy petition on February 15, 1992, thus completing the subject transfer, absent pre-petition perfection (i.e. recordation) of such deed, the transfer would have been avoidable under Bankruptcy Code § 544(a)(3).

Bankruptcy Code § 544(a)(3) reads

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . . . .

a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer].

11 U.S.C. § 544(a)(3). "The wisdom of giving a bankruptcy trustee this status has been criticized, but the language of the statute could not be clearer." *In re Price*, 97 B.R. 264, 265 n. 3 (Bankr.E.D.N.C.1989). However, other courts have given reason for the bankruptcy trustee's strong-arm powers. "The reason for the trustee's enhanced position is due to the trustee's unique position as the caretaker of the estate and the trustee's responsibility to preserve the estate's assets for the benefit of *all creditors*." *In re Greenbelt Co-op., Inc.*, 124 B.R. 465, 471 (Bankr.D.Md.1991) (emphasis added) (citing *In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222 (8th Cir.1987), *cert. denied sub nom.*

---

**3.** An exception to Bankruptcy Code § 549(a) is Bankruptcy Code § 549(c). Under subsection (c), the trustee may not avoid

a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser....

Because Jones was listed in debtor's petition as a secured creditor, Jones had actual notice of the commencement of the debtor's case. Therefore, Bankruptcy Code § 549(c) cannot apply here.

**4.** Notwithstanding this decision, should Smith's bankruptcy be dismissed, so that the avoidance of the transfer would no longer be beneficial to *all creditors*, but only to the debtor, the avoided transfer will be reinstated pursuant to Bankruptcy Code § 349(b)(1)(B). *See In re Greenbelt Co-op, Inc.*, 124 B.R. 465, 471 (Bankr.D.Md. 1991) (emphasis added).

*Jacoway v. Anderson,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987)). The court in *Greenbelt* went further:

> The trustee is thus given the power and ability to avoid all unperfected security interests. The trustee is an entity distinct from the debtor, even where the debtor, as debtor-in-possession, is acting as trustee and the debtor had actual knowledge of an unperfected security interest. If a case concludes unsuccessfully with a dismissal, so that the avoidance of a transfer is no longer beneficial to creditors, but only to the debtor, a transfer avoided under Section 544(a) is reinstated. 11 U.S.C. § 349(b)(1)(B). This prevents a windfall for a debtor outside a bankruptcy case.

*See Greenbelt,* 124 B.R. at 471.

■ However, Bankruptcy Code § 544(a)(3) gives the Trustee only limited powers. The Trustee's powers may not be used to avoid all transfers of the debtor's property which occurred pre-petition. The Trustee's discretionary power to avoid such transfers is limited to those transfers otherwise avoidable by certain hypothetical bona fide purchasers. As hereinbefore mentioned, while Federal Bankruptcy law determines the Trustee's powers, state law defines the extent to which they may be applied. The Trustee in bankruptcy stands in the shoes of the bona fide purchaser regardless of whether or not such purchaser exists and has perfected such transfer. The question which must be answered is whether, under West Virginia law, a hypothetical bona fide purchaser could have purchased property from the debtor and perfected such purchase, as of the commencement of the filing of the petition in bankruptcy, such that the bona fide purchaser's rights in the property would be superior to a prior good faith purchaser's interest.

West Virginia Code § 40–1–9 reads as follows:

> Every such contract, every deed conveying any such estate or term, and every deed of gift, or trust deed or mortgage, conveying real estate shall be void, as to creditors, and subsequent purchasers for valuable consideration without notice, until and except from the time it is duly admitted to record in the county wherein the property embraced in such contract, deed, trust deed or mortgage may be.

As it would be applicable under the *hypothetical* facts of this case (i.e., the foreclosure sale and delivery of the deed were complete prior to filing debtor's petition), this Court interprets such section to mean that prior to the recording of Jones' deed (i.e., perfection), a bona fide purchaser, without knowledge of the foreclosure sale, may have purchased such property and recorded the deed; thus, such bona fide purchaser would have obtained rights superior to those of Jones.

■ Because Bankruptcy Code § 544(a)(3) does not impute upon the Trustee in bankruptcy knowledge of any transfer, under the auspices of § 544(a)(3) and utilizing the powers of the Trustee in bankruptcy under § 1107(a), the debtor-in-possession may avoid an unperfected transfer of real property. Again *presuming* the completed, yet unrecorded, pre-petition transfer of Smith's deed—because a bona fide purchaser, under West Virginia law, at the time of Smith's filing his petition in bankruptcy, could have purchased the subject property, perfected such purchase and, thus, obtained rights superior to Jones'—the strong-arm avoiding powers of the Trustee under § 544(a)(3) would apply. Accordingly, the transfer of Smith's property under the foreclosure sale would have been avoidable.

■ Plaintiff asks this Court to find that Defendants violated Bankruptcy Code § 362 automatic stay provisions, and to award him compensatory and punitive damages, attorneys fees and costs. Because this Court bases its decision on Bankruptcy Code § 549, and because Jones' Bankruptcy Code § 362 violation was merely technical in nature, Plaintiff's request for compensatory and punitive damages, attorneys fees and costs is **DENIED.**

Judgment shall be entered in accordance with this opinion.