584 S.E.2d 922

**In re: Russell Morgan WILLIAMS and Wendy Wilkins Kilmer Williams, Debtors.**

**Robert W. Trumble, Trustee for the Chapter 7 Bankruptcy Estate of Russell Morgan Williams and Wendy Wilkins Kilmer Williams, Plaintiffs,**

v.

**GMAC Mortgage and Key Home Equity Services, Defendants.**

No. 30902.

Supreme Court of Appeals of West Virginia.

Submitted March 25, 2003.

Decided July 7, 2003.

Michael G. Clagett, Esq., Fairmont, for Russell M. Williams and Wendy W. Williams.

Robert W. Trumble, Esq., Catherine Munster, Esq., Judy L. Shanholtz, Esq., McNeer Highland McMunn & Varner, Martinsburg, Trustee for the Chapter 7 Bankruptcy Estate of Russell Morgan Williams and Wendy Wilkins Kilmer Williams.

Debra A. Wertman, Esq., Assistant United States Trustee, Nicholas P. Mooney, Esq., R. Terrance Rodgers, Esq., Allen, Guthrie & McHugh, Charleston, for Key Home Equity Services.

Sandra M. Murphy, Esq., Amy J. Tawney, Esq., Bowles Rice McDavid Graff & Love, Charleston, for Amicus Curiae West Virginia Bankers Association.

## PER CURIAM.

This case is one of several factually similar cases that are pending before the United States Bankruptcy Court for the Northern District of West Virginia. In each of these cases, a deed of trust was improperly acknowledged. Specifically, individuals who did not have the authority to acknowledge documents in West Virginia notarized the deeds of trust in West Virginia. In each instance, a West Virginia county clerk recorded the deed of trusts.

Thereafter, the grantors of the deeds of trust filed for bankruptcy. The bankruptcy trustee in each case filed an adversary proceeding to challenge the validity of the improperly acknowledged deed of trust to secure a priority interest. The United States Bankruptcy Court for the Northern District of West Virginia ("the Bankruptcy Court") certified to this Court a question to clarify the priority of the parties in a bankruptcy action when the instrument meant to secure a priority interest is improperly acknowledged.

## I.

The debtors Russell and Wendy Williams refinanced their Berkeley County, West Virginia home on November 2, 1999, with Greentree Mortgage Corporation ("Greentree") for $119,000.00, and executed a deed of trust that granted Greentree a security interest in their residence. The Williams signed the deed of trust in West Virginia and Barry F. Snyder, a Maryland notary, acknowledged the signatures in West Virginia. Although the Williams signed the deed of trust in West Virginia, the Maryland notary altered the acknowledgment to appear as if the Williams signed the deed of trust in Maryland.[1] Greentree immediately assigned the deed of trust to Defendant Key Home Equity Services ("Key Home").[2] The Berkeley County Clerk recorded the deed of trust on December 7, 1999.

On November 20, 2000, the Williams filed a voluntary petition for Chapter 7 bankruptcy in the Bankruptcy Court, and listed the deed of trust as a secured claim on the document entitled "Schedule D—Creditors Holding Secured Claims." In their Schedule D document, the Williams identified Key Home as a creditor with a secured claim of $124,000.00.

The Williams' appointed bankruptcy trustee,[3] attorney Robert W. Trumble ("the trustee"), filed an adversary proceeding and moved for summary judgment, arguing that the debt was not entitled to the status of a secured debt, because the improperly acknowledged deed of trust failed to secure a priority interest for Key Home.[4] The trustee contended that because of the improper ac-

---

1. It has been stipulated to by the parties that Barry F. Snyder, a Maryland notary, does not have the authority to acknowledge signatures in West Virginia.

2. At the same time that the Williams entered into the loan agreement with Greentree, they entered into a mortgage loan agreement with Empire Funding Corp. for a loan in the amount of $50,000.00. Mr. Snyder also notarized the second deed of trust. Empire Funding Corp. then assigned the $50,000.00 loan to GMAC.

3. Each time a Chapter 7 petition is filed in bankruptcy court, a trustee is appointed to administer the case. Included in the bankruptcy trustee's duties are the obligations to examine and to challenge any claim that is suspect through an adversary proceeding.

4. The trustee also moved against the loan held by GMAC Mortgage. GMAC Mortgage failed to file an answer in the adversary proceeding before the Bankruptcy Court.

knowledgment the Bankruptcy Court should deem Key Home to be an unsecured creditor with no priority protection.

Noting that twelve cases were pending before the Bankruptcy Court involving the same issue of improperly acknowledged deeds of trust, the Bankruptcy Court certified the following question to this Court:

> Does the trustee in bankruptcy, given the status of a bona fide purchaser without notice by federal bankruptcy law, prevail over the holder of a deed of trust recorded but improperly acknowledged?

This Court accepted the certified question by order dated October 30, 2002.

## I.

■ In Syllabus Point 1 of *Light v. Allstate Ins. Co.*, 203 W.Va. 27, 506 S.E.2d 64 (1998), this Court held that "[a] de novo standard is applied by this Court in addressing the legal issues presented by a certified question from a federal district or appellate court." *Accord* Syllabus Point 1, *Bower v. Westinghouse Elec. Corp.*, 206 W.Va. 133, 522 S.E.2d 424 (1999) ("This Court undertakes plenary review of legal issues presented by certified question from a federal district or appellate court.").

*W.Va.Code*, 40–1–9 [1963] states that:

> Every such contract, every deed conveying any such estate or term, and every deed of gift, or trust deed or mortgage, conveying real estate shall be void, as to creditors, and subsequent purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record in the county wherein the property embraced in such contract, deed, trust deed or mortgage may be.

■ An acknowledgment is a prerequisite to recording an instrument in this state. *Galloway v. Cinello*, 188 W.Va. 266, 268, 423 S.E.2d 875, 877 (1992). An acknowledgment is a formal declaration before an authorized public official, *e.g.*, a notary public, by a person who has executed an instrument that the instrument is his free act or deed. *Galloway*, 188 W.Va. at 268, 423 S.E.2d at 877. An acknowledgment has three functions: "to authenticate the instrument; to permit the instrument be introduced into evidence without proof of execution; and to entitle the instrument to be recorded." *Galloway*, 188 W.Va. at 268, 423 S.E.2d at 877 (internal citations omitted).

*W.Va.Code*, 37–11–2(b) [1994], provides for the curing of a defective acknowledgment "[i]f a period of five years has elapsed from the date of recordation of any deed or other writing, and if said deed or other writing has an acknowledgment considered defective for any reason, then every such deed or other writing shall be as good, valid and effectual in law as if the law with respect to acknowledgments and seals, in force at the date of such acknowledgment had been fully complied with[.]"

Under 11 U.S.C. § 544(a)(3)[5] of the *Bankruptcy Code*, a bankruptcy trustee is given the status of a bona fide purchaser (hereinafter "BFP") without notice and the status of a judicial lien creditor. In this way, the bankruptcy trustee occupies a unique position, where although he may have actual knowledge of unperfected claims against the debtor's estate, he is, nevertheless, given the status of a bona fide purchaser. This position allows the trustee to avoid any transfer of the debtor's property if the conveyance is not perfected when the debtor's bankruptcy case begins.[6] As a BFP, the trustee is deemed to have conducted a title search,

---

**5.** 11 U.S.C. § 544(a)(3) [1998] referred to as a "strong arm clause" states, in part, that:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by...

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to

be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such interest].

**6.** Granting the trustee such avoiding power serves the public policy of enlarging the bankruptcy estate for payment of all creditors. *In re Smith*, 155 B.R. 145, 148 (Bankr.S.D.W.Va. 1993).

given value for the property, and otherwise perfected his legal interest or title in the real property as of the date of the commencement of the debtor's case, whether or not he has actual knowledge of the unperfected pre-existing obligations of the debtor. 11 U.S.C. § 544(a)(3).

In *In re Morgan*, 96 B.R. 615 (Bankr. N.D.W.Va.1989), the Bankruptcy Court for the Northern District of West Virginia explained that:

[t]he weight of authority is that the phrase "without regard to any knowledge of the trustee or any creditor" of 11 U.S.C. § 544(a)(3), indicates that a trustee would not have the notice that would interfere with his bona fide purchaser status of § 544(a)(3), if he, in fact, actually knew of the [unperfected] lien or prior conveyance.

*In re Morgan*, 96 B.R. at 618.

Although § 544(a)(3) provides the trustee with the status of a BFP, "it is important to note that the application of 11 U.S.C. § 544(a)(3) is dependent upon the applicable state law." *In re Morgan*, 96 B.R. at 618. State law defines the extent to which the trustee's powers may be applied. *In re Smith*, 155 B.R. 145, 149 (Bankr.S.D.W.Va. 1993). "The Trustee's powers may not be used to avoid all transfers of the debtor's property which occurred pre-petition. The Trustee's discretionary power to avoid such transfers is limited to those transfers otherwise avoidable by certain hypothetical bona fide purchasers." *In re Smith*, 155 B.R. at 149. Specifically, the trustee's rights as a BFP do not allow the trustee to avoid any interest of which he would have had constructive notice under state law. "If there is such constructive notice as would preclude a bona fide purchaser from prevailing under state law, then the trustee cannot prevail under § 544(a)(3)." *In re Morgan*, 96 B.R. at 618.

Therefore, the analysis then shifts to what, if any, constructive notice there might be under West Virginia law. Specifically, at issue is whether the improperly acknowledged deed of trust provides the bankruptcy trustee with constructive notice under West Virginia law.

Constructive notice is

[s]uch notice as is implied or imputed by law, usually on the basis that the information is a part of a public record or file, as in the case of notice of documents which have been recorded in the appropriate registry of deeds or probate. Notice with which a person is charged by reason of the notorious nature of the thing to be noticed, as contrasted with actual notice of such thing. That which the law regards as sufficient to give notice and is regarded as a substitute for actual notice.

John W. Fisher, II, *The Scope of Title Examination in West Virginia: Can Reasonable Minds Differ?*, 98 W.Va. L.Rev. 449, 500 (1996).

A number of earlier West Virginia cases have discussed what if any kind of notice an improperly acknowledged instrument provides. In Syllabus Point 1 of *Cox v. Wayt*, 26 W.Va. 807 (1885), this Court stated that "[i]f a deed of trust, the execution of which has not been proved or acknowledged in the manner prescribed by law, be admitted to record by the clerk of the county court of the proper county, such deed is not 'duly admitted to record,'" and in Syllabus Point 2 of *Cox* that "[i]f such deed so admitted to record, be copied by such clerk into the deedbook, it is not, by being so copied into such book, 'duly admitted to record.'" In Syllabus Point 4 of *Cox*, this Court held that "[s]uch deed so improperly admitted to record and copied into such deed book is not a recorded deed, and the same is not notice to subsequent purchasers."

The Court, in *Zolsman v. Totz*, 74 W.Va. 604, 82 S.E. 511 (1914), held that a deed of trust acknowledged by a mayor was void because the mayor of a municipality lacked the legal authority statutorily to acknowledge deeds. "An acknowledgment to a trust deed, certified by an officer having no legal authority therefor, is void and ineffectual for any purpose." Syllabus Point 2, *Zolsman*. In Syllabus Point 1 of *South Penn Oil Co. v. Blue Creek Dev. Co.*, 77 W.Va. 682, 88 S.E. 1029 (1916), this Court stated that "[t]o

have the effect of constructive notice to subsequent purchasers, a deed must be duly executed and properly acknowledged or proven before it is recorded." The Court went on in *South Penn Oil Co.* to add that the admission of an improperly acknowledged document into the record did not provide subsequent purchasers with constructive notice. *South Penn Oil Co.*, 77 W.Va. at 686, 88 S.E. at 1030. In *Clarksburg Casket Co. v. Valley Undertaking Co.*, 81 W.Va. 212, 215, 94 S.E. 549, 550 (1917), this Court stated that "[a] sufficient certificate of acknowledgment is essential to the recordation of a deed or deed of trust, and, without it, the copying of the instrument on the record book does not constitute constructive notice. As to creditors and purchasers without notice, it is void." A review of these cases shows that this Court has consistently held that an improperly acknowledged deed cannot as such provide constructive notice under West Virginia law.[7]

In accord with this line of cases, in *Tavenner v. Barrett*, 21 W.Va. 656 (1883) this Court stated:

> If [a deed of trust is] not acknowledged or proved, its record is not provided for by law, and the fact that it may be copied upon the book of records will not operate as constructive notice to [a] subsequent purchaser.

*Tavenner*, 21 W.Va. at 688 (internal citations omitted). However, *Tavenner* was overruled in part by *Galloway v. Cinello*, 188 W.Va. 266, 423 S.E.2d 875 (1992).

In *Galloway*, attorney William E. Galloway, who was a trustee of the deed of trust at issue, notarized both the deed conveying the property and the deed of trust securing the balance of the purchase price. When the grantors of the deed of trust filed for bankruptcy, the bankruptcy trustee moved to void the deed of trust that secured the interest of Rose Ann Cinello, the beneficiary of the deed of trust, because Mr. Galloway, the trustee of the deed, had acknowledged the deed of trust. *Galloway*, 188 W.Va. at 267, 423 S.E.2d at 877.

Based on *Tavenner*, the Bankruptcy Court in *Galloway* found that Ms. Cinello, because of the improperly acknowledged deed of trust, did not have a secured interest. The Bankruptcy Court then certified a question to this Court, asking whether under West Virginia law, Ms. Cinello had a cause of action against Mr. Galloway for improperly acknowledging the deed.

In answering the certified question presented in *Galloway*, this Court noted that under *Tavenner*, the Bankruptcy Court had correctly held that Ms. Cinello did not have a secured interest because of the improperly acknowledged deed. This Court went on to find that Ms. Cinello did have a cause of action against Mr. Galloway based on *W.Va. Code*, 29C–6–101(1985).[8]

In *Galloway*, this Court went on to add that *prospectively*:

> Where the notary has a disqualifying interest, the next question is the bearing this defect has on the validity of the instrument. We decline to follow the per se rule of *Tavenner* ... which automatically voids a deed of trust because the trustee has acted as its notary. Such a rule can be unduly harsh, as illustrated by the facts of this case. The beneficiary of the deed of trust loses her security interest not because of any claim of wrongdoing, bad faith, or other improper conduct on her part, but solely on the basis that the notary was the trustee on the document.
>
> If the primary purpose of the rule is to shield the parties from potential wrongdoing or fraud, then the focus of the inquiry should be shifted in this direction.

---

7. Only one West Virginia case suggests that an improperly acknowledged but recorded deed may provide constructive notice. In *Atkinson v. Miller*, this Court held that "[a] paper made for a deed of trust conveying land to secure a debt signed by the grantor, but without a seal, though not effectual as a deed of trust at law, is *an equitable mortgage*, enforceable in equity, and ... when recorded is a lien valid against subsequent purchasers and creditors." Syllabus Point 1, in part, *Atkinson v. Miller*, 34 W.Va. 115, 11 S.E. 1007 (1890) (emphasis added).

8. *W.Va. Code*, 29C–6–101(1985), states that "[a] notary public is liable to the persons involved for all damages proximately caused by the notary's official misconduct."

*Galloway,* 188 W.Va. at 270, 423 S.E.2d at 879.

■ The Court then provided guidance for discerning whether there was any wrongdoing or fraud:

> In deciding whether to void the instrument, a court should consider whether an improper benefit was obtained by the notary or any party to the instrument, as well as whether any harm flowed from the transaction. To the extent that *Tavenner v. Barrett,* 21 W.Va. 656 (1883), and related cases state or imply the contrary, they are overruled.

Syllabus Point 2, in part, *Galloway.*

In *Galloway,* this Court moved away from a strict *per se* rule of invalidating or "voiding"[9] deeds of trust based on imperfect acknowledgments. Instead, the focus in *Galloway* is to shield the parties from potential wrongdoing or fraud where notary misconduct results in an improperly acknowledged deed.

The principles of *Galloway* may be applied to the case at hand. While there was no disqualifying interest in the instant case, a notary's actions resulted in an improperly acknowledged deed that may deny Key Home a secured interest to which it would otherwise be entitled. "In deciding whether to void the instrument, a court should consider whether an improper benefit was obtained by the notary or any party to the instrument, as well as whether any harm flowed from the transaction." Syllabus Point 2, in part, *Galloway.* We conclude that if the Bankruptcy Court finds that no improper benefit was obtained, and no harm resulted from the transaction, then the instrument is not void and provides constructive notice to the bank-

ruptcy trustee of Key Home's perfected security interest.[10]

## III.

■ In answer to the Bankruptcy Court's question, we find that whether the bankruptcy trustee, given the status of a bona fide purchaser without notice by federal bankruptcy law, prevails over the holder of a deed of trust recorded but improperly acknowledged, depends upon whether an improper benefit was obtained by the notary or any party to the instrument, as well as whether any harm flowed from the transaction. If neither improper benefit nor any harm flowed from the transaction, then the imperfectly acknowledged deed of trust provides constructive notice under West Virginia law for the purpose of discerning priority in a bankruptcy action.

Certified Question Answered.

McGRAW, J., dissenting.

Though the improper conduct at the center of this case might seem minor or trifling to some, the requirement that deeds be acknowledged properly is nonetheless the law of the land in West Virginia. Moreover, our Legislature has seen fit to make misconduct by a notary a crime:

> (a) A notary public who knowingly and willfully commits any official misconduct is guilty of a misdemeanor, and, upon conviction, shall be fined not more than five thousand dollars or imprisoned in the county jail not more than one year or both fined and imprisoned.
>
> (b) A notary public who recklessly or negligently commits any official misconduct is guilty of a misdemeanor, and, upon

---

9. In *Galloway,* the Court discusses the "voiding" of a deed because of an improper acknowledgment. More accurately, the acknowledgment is void but the deed is good between the parties to the original transaction. In Syllabus Point 2 of *McElwain v. Wells,* 174 W.Va. 61, 322 S.E.2d 482 (1984), this Court held that "[a] defective acknowledgment on a deed does not invalidate the conveyance as between the parties."

In *Tavenner,* this Court stated:

> The want of a proper acknowledgment does not however invalidate the deed (of one *sui juris*) but only go[es] to the effect of the record.... The deed however is good between the

parties, (being *sui juris*) and should prevail against subsequent deeds to those who had actual notice of its existence.

21 W.Va. at 688 (internal citations omitted).

10. If, on the other hand, the Bankruptcy Court finds that an improper benefit was obtained by any party or if any harm flowed from the transaction, then the Bankruptcy Court should find under West Virginia law, that the acknowledgment is invalid, that the deed of trust does not provide constructive notice, and that the bankruptcy trustee prevails.

conviction, shall be fined not more than one thousand dollars.

W. Va.Code § 29C–6–202 (1984). Likewise, the Legislature has made it a crime to impersonate a notary public:

> Any person who acts as, or otherwise willfully impersonates, a notary public while not lawfully appointed and commissioned to perform notarial acts is guilty of a misdemeanor, and, upon conviction, shall be fined not more than five thousand dollars or imprisoned in the county jail not more than one year, or both fined and imprisoned.

W. Va.Code § 29C–6–203 (1984). The laws are on the books for a reason, and I believe that ignoring the wrongful conduct in this case undermines our traditional system of recording ownership of real property. Accordingly, I must respectfully dissent.